
Potter
Anderson
Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000
www.potteranderson.com

**Bindu A. Palapura**
Attorney at Law
bpalapura@potteranderson.com
302 984-6092 Direct Phone
302 658-1192 Fax

June 29, 2015

**VIA ELECTRONIC-FILING**
The Honorable Christopher J. Burke
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3556

   Re: *International Business Machines Corporation v. The Priceline Group Inc., et al.*, No. 1:15-cv-00137-LPS-CJB (D. Del.)

Dear Magistrate Judge Burke:

  Per the Court's Oral Order of May 28, 2015, the parties jointly submit the following Case Management Submission Letter.

**DESCRIPTION OF CASE**

  Plaintiff International Business Machines Corporation ("IBM") filed this case on February 9, 2015. IBM alleges that The Priceline Group Inc., Kayak Software Corporation ("Kayak"), OpenTable, Inc. ("OpenTable"), and priceline.com LLC ("priceline.com") (collectively "Defendants") willfully infringe U.S. Patent Nos. 5,796,967, 7,072,849, 5,961,601, and 7,631,346 (collectively the "Patents-in-suit"). IBM seeks damages to compensate it for the Defendants' alleged willful infringement of the Patents-in-suit and an injunction barring Defendants from further infringing the Patents-in-suit. In lieu of answering IBM's allegations, on May 4, 2015 Defendants filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) alleging that each Patent-in-suit fails to claim patent-eligible subject matter under 35 U.S.C. §101. IBM opposed Defendants' motion on June 4, 2015. Defendants' filed a reply on June 23, 2015. IBM intends to file for leave to file a sur-reply with an enclosed brief on July 2, 2015. Defendants have indicated that they will oppose IBM's motion for leave, and, in addition, they oppose IBM's proposal to attach its proposed sur-reply brief to its motion for leave to file it. Defendants have also indicated that they intend to file, by July 2, 2015, a motion staying all discovery and other case deadlines until the Court rules on their motion to dismiss. IBM has indicated that it will oppose Defendants' forthcoming motion.

**PARTIES' POSITIONS ON DISPUTES IN PROPOSED SCHEDULING ORDER**

Counsel have meet and conferred and have made good faith efforts to discuss, in person and/or by telephone, each of the topics listed in the Case Management Checklist, attached as Exhibit A, and will be prepared to address these topics at the Case Management Conference ("CMC").

IBM believes that this Court should follow standard practice and enter a Scheduling Order with definite dates so that this action can proceed efficiently. Defendants believe that the Court should defer entering a Scheduling Order with definite dates until their pending Motion to Dismiss has been decided and they have answered the complaint. As noted above, Defendants intend to file a motion staying all discovery and other case deadlines until the Court rules on their motion to dismiss. The parties have reached agreement on all other matters set forth in the Proposed Scheduling Order, attached as Exhibit B, except for the following:

Production of IBM Licenses Related to the Patents-in-suit (Section 7(a))

**IBM's Position:**
Defendants have modified the Court's Model Discovery Order to impose an early deadline—as early as July 31, 2015—for IBM to produce relevant patent licenses. IBM has one of the largest patent portfolios in the world and an extremely active licensing program, and it would be burdensome to locate, review, and produce licenses at the onset of discovery. In addition, patent licenses are highly confidential and often impose notice periods and require discussions with third-parties before they can be produced in litigation. Complying with the notice provisions now, before the parties have even begun to negotiate a protective order, would be difficult and burdensome. Furthermore, Defendants' proposal does not impose any early deadline for their own production of relevant licenses. As such, IBM does not believe that IBM should be required to produce patent licenses when that information is not directly relevant to the other disclosers contemplated in Section 7.

**Defendants' Position:**
The size of IBM's patent portfolio is irrelevant on this issue, given that Defendants are only seeking production under Section 7.a of licenses to the four Patents-in-suit. Moreover, Defendants disagree that licenses to the Patents-in-suit are not directly relevant to the other disclosures contemplated in Section 7. Licenses to the Patents-in-suit are highly relevant to the issue of damages. IBM is required to produce its "damages model" in Section 7.a., and Defendants are required to produce their "sales figures" in Section 7.b. Lastly, IBM's argument that it would be "burdensome" to produce its licenses to the Patents-in-suit at the onset of discovery is unavailing, given that it will be at least as burdensome for Defendants to produce their sales figures at the onset of discovery, as required in Section 7.b, and as requested by IBM in recently served discovery requests.

Number of Interrogatories (Section 8(d))

**IBM's Position:**
The Defendants' proposal, common and individual interrogatories, is an attempt at gamesmanship to increase the burden on IBM. Kayak, OpenTable, and priceline.com are all

wholly-owned subsidiaries of The Priceline Group, Inc. and each of the Defendants are represented by the same counsel. The Defendants are essentially one party collectively controlled by the Priceline Group, Inc. and their interest in discovery from IBM is identical. The Defendants' proposal, allowing each Defendant individual interrogatories, is an attempt to increase the burden on IBM by increasing the number of interrogatories it must respond to. As such, IBM believes the total number of interrogatories should be limited to twenty-five (25) per side.

**Defendants' Position:**
Defendants merely seek an equal opportunity for discovery, and an equal burden on each side, and have drafted a proposal to achieve that goal. IBM, on the other hand, seeks to impose triple the burden on Defendants, under the guise of "interrogatories served by each side." As an example, IBM served five interrogatories on defendants on June 26, 2015, but they are written such that Priceline, Kayak, and OpenTable must answer them separately (because each are separately-operated companies and have separate accused products or services). In such a case, the Defendants should have the opportunity to serve separate interrogatories. Defendants' proposal proposes a mix of common and individual interrogatories that is often part of the Court's scheduling order to allow for fair discovery between the parties.

Depositions (Section 8(e))

**IBM's Position:**
IBM believes that each party should be limited to 120 hours of fact witness deposition, including inventor testimony, and that each deposition should be limited to 7 hours, pursuant to the Federal Rules. As discussed above, the Defendants are represented by the same counsel and are wholly-owned subsidiaries of The Priceline Group, which eliminates any inefficiency that may occur when completely separate defendants attempt to depose the same inventor. Nothing in this case is exceptional, such that it should require a modification of the limits in Fed. R. Civ. P. 30 to increase the length of the depositions and thereby increase the burden on the inventors of the patents-in-suit. Further, Defendants' proposal that inventor deposition time should not count against the parties' overall time disproportionally favors Defendants. There are over ten named inventors, which would provide the Defendants with over 140 hours of extra deposition time (10 x 14 hours). Rather than disproportionally benefiting one side, the parties should be required to strategically allocate their time and resources. Defendants' proposal also grants unlimited third-party depositions and places undue burdens on non-parties to this litigation. Thus, IBM believes each side should be limited to 120 hours of deposition, including all fact depositions.

**Defendants' Position:**
IBM's proposal of 120 hours of fact witness deposition, including inventor testimony, is unreasonable in view of the practical realities of this case. There are 15 named inventors across the four Patents-in-suit. Even if Defendants only deposed each inventor for 7 hours, that would leave a mere *15 hours total* under IBM's proposed cap for *all remaining fact depositions*, including Rule 30(b)(6) and Rule 30(b)(1) depositions as well as third-party depositions relating to prior art. IBM elected to sue three separate companies (Priceline, OpenTable, and Kayak, who have a common parent company but have separate management, employees, operations, websites, etc.) on four separate patents. Having chosen to pursue a

The Honorable Christopher J. Burke
June 29, 2015
Page 4

complex litigation involving multiple defendants and patents, it would be unfair to allow IBM to curtail Defendants' ability to fully defend the case with sufficient deposition hours.

## MOST SIGNIFICANT CHECKLIST TOPICS

1. **Motion to Dismiss**

   Defendants have filed a motion to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that the asserted patent claims are invalid under 35 U.S.C. § 101. The motion has been fully briefed. IBM intends to seek leave to file a sur-reply with an enclosed brief on July 2, 2015 to address new case law and new arguments from Defendants' recently filed reply brief.

2. **Motion to Stay**

   **IBM's Position:**
   IBM opposes any delay in scheduling the Case Management Conference and entering the Scheduling Order. Defendants have yet to even file their motion to stay, which belies the alleged importance of the motion and needlessly creates uncertainty and delay in resolving the scheduling order. Defendants' proposed schedule, based off their forthcoming motion to stay, provides no concrete dates that the parties can use to plan the course of this litigation. It delays key milestones, such as initial disclosures, identification of accused products, production of core technical documents, and initial infringement contentions, that clarify the scope of the case. These early disclosures provide significant benefits to the parties. They allow the parties to evaluate the merits of the case early, while their limited scope makes them minimally burdensome. Defendants have not shown why this Court should depart from its general rule that it "will not defer the CMC and scheduling process solely due to the pendency of any of these motions [to dismiss, transfer or stay]." *See* Honorable Leonard P. Stark, District of Delaware, Revised Procedures for Managing Patent Cases, (June 18, 2014) at 6. Thus, the Court should not delay in scheduling the Case Management Conference and entering the Scheduling Order.

   **Defendants' Position:**
   Defendants are not seeking to delay the scheduling of the Case Management Conference. Defendants intend to file their motion to stay by July 2, 2015, well in advance of the CMC, and they will ask the Court to hear argument on their Motion to Dismiss and Motion to Stay at the CMC. As will be explained more fully in Defendants' Motion to Stay, it will be unnecessarily burdensome and expensive to begin discovery and other case activity as though all four Patents-in-suit are in the case, only to have some or all of the patents declared invalid soon thereafter if the Court grants the Motion to Dismiss. IBM's sudden aversion to delay is undercut by the fact that the Patents-in-suit all issued in 2009 or earlier and IBM waited until 2015 to file suit, and also by the fact that IBM is not a competitor of Defendants and therefore can be made whole with money damages if liability is ultimately found.

The Honorable Christopher J. Burke
June 29, 2015
Page 5

### 3. Request for Combined Hearing on Motion to Dismiss, Motion to Stay, and Scheduling Conference

      Defendants have requested oral argument on their Motion to Dismiss, and further ask the Court to hold a joint oral argument on Defendants' Motion to Dismiss and Defendants' forthcoming Motion to Stay, and hold this oral argument jointly with the scheduling conference. IBM disagrees that the scheduling conference should be delayed until Defendants' forthcoming Motion to Stay is fully briefed because that procedure would effectively grant a temporary stay by postponing the issuance of a scheduling order.

                                                         Respectfully yours,

                                                          /s/ *Bindu A. Palapura*

                                                          Bindu A. Palapura

BAP:mah/1194043/42141
Enclosures

cc:     Clerk of the Court (via hand delivery)
        Counsel of Record (via electronic mail)