# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION, )<br>)<br>    Plaintiff, )<br>)<br>  v. )<br>)<br>THE PRICELINE GROUP INC., )<br>KAYAK SOFTWARE CORPORATION, )<br>OPENTABLE, INC., AND )<br>PRICELINE.COM LLC )<br>)<br>    Defendants. ) | C.A. No. 15-137-LPS-CJB<br><br>**JURY TRIAL DEMANDED** |

## IBM'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

OF COUNSEL:

John M. Desmarais
Karim Oussayef
Robert C. Harrits
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: (212) 351-3400

Dated: July 14, 2015
1195304 / 42141

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Plaintiff*
*International Business Machines Corporation*

Defendants feign confusion as to which arguments are new in their Reply Brief In Support Of Defendants' Motion To Dismiss. But just after Defendants filed their reply, IBM emailed Defendants to ask whether they would oppose leave to file a sur-reply, given that they "rely on new case law and make several new arguments that should have been included in the opening brief pursuant to LR 7.1.3(c)(2), such as an entirely-new 'brick and mortar' scenario for the '967 patent." *See* Exhibit A, at 1. Defendants did not ask for clarification—they understood exactly which new arguments IBM sought to address and were open to negotiating "a 4-page sur-reply *on the issues specifically identified in your email*." *Id.* Back then, Defendants sought to artificially restrict IBM's ability to respond to Defendants' new arguments by limiting IBM's sur-reply to four pages. Now, Defendants seek to prevent IBM from responding at all.

Defendants take the disingenuous position that their new "brick and mortar" scenarios are somehow not new because they support Defendants' original contentions that the Patents-In-Suit are directed to abstract ideas. D.I. 33 at 2. That facile argument conflates *arguments* with *contentions* as to how an issue should be decided. But no matter how Defendants characterize their reply, Defendants did not propose an element-by-element analogy for the '967 Patent in their opening brief and did propose one in their reply. *Compare* D.I. 19, at 21-23 *with* D.I. 25, at 13-14. Likewise, Defendants presented two element-by-element analogies in their opening brief and changed those analogies in their reply. D.I. 25, at 4-5, 9. Defendants' new scenarios are designed to avoid defending their prior ones and sidestep IBM's arguments. This "sandbagging" is especially egregious in light of the longer page limits, and is precisely the type of moving target that justifies a sur-reply.[1] *See Fifth Mkt., Inc. v. CME Grp., Inc.*, C.A. No. 08-520-GMS,

---

[1] Defendants deflect blame for their inability to find analogous brick and mortar scenarios by asserting that "Plaintiff appears to misunderstand the inquiry . . . its task is to establish that no brick and mortar scenario could be applied to the claims." That assertion is false. IBM does not

2013 WL 3063461, at *1, n.2 (D. Del. June 19, 2013).  A patentee would certainly be allowed to address new invalidity references or amended claim charts in a reply brief in support of a motion for summary judgment for anticipation under 35 U.S.C. § 102, and likewise, IBM should be permitted to address the new analogies and amended claim charts in Defendants' Reply Brief In Support Of Defendants' Motion To Dismiss under 35 U.S.C. § 101.

     IBM should also be granted leave to address Defendants' repeated citations to new case law.  D.I. 25, at 1, 4, 7-10.  Defendants attempt to downplay the prejudice to IBM under a topic heading titled "[t]he new authority cited by Defendants reiterates and restates existing Section 101 case law."  D.I. 33, at 3.  Although IBM agrees with Defendants' *post hoc* concession that their new citations add nothing further to the discussion, IBM should nevertheless be permitted to respond.  *See St. Clair Intellectual Prop. Consultants, Inc. v. Samsung Electronics Co.*, 291 F.R.D. 75, 80 (D. Del. 2013).  Defendants next question the amount of analysis IBM devotes to addressing new case law.  D.I. 33, at 3.  In addition to contradicting Defendants' earlier attempts to limit the length of IBM's response, that criticism is based on Defendants' faulty premise that any reference to arguments or cases from IBM Opposition Brief cannot possibly be responsive to Defendants' new case law.  But IBM explains in detail how Defendants' admissions about *DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245, 1258 (Fed. Cir. 2014) render moot Defendants' new citations to *Ariosa Diagnostics, Inc. v. Sequenom, Inc.*, Nos. 2014-1139, 2014-1144, 2015 WL 3634649, at *7 (Fed. Cir. June 12, 2015), and how the new citations to *Internet*

---

have a task—it is Defendants' motion and they have not disputed that they have the burden to prove the Patents-In-Suit invalid.  *See* D.I. 23, at 2-3 (citing *e.g. Intellectual Ventures I LLC v. Symantec Corp.*, C.A. No. 10-1067-LPS, 2015 WL 1843528, at *5-6 (D. Del. Apr. 22, 2015)).  Moreover, as acknowledged by Defendants, all factual disputes—including those concerning Defendants' scenarios—must be viewed in the light most favorable to IBM.  D.I. 19, at 3.  Defendants have not met their burden by any standard, much less by clear and convincing evidence, and their failure to come up with any persuasive scenario, despite several attempts, is powerful evidence that none exists.

*Patents Corp. v. Active Networks Inc.*, Nos. 2014-1048, et. al, slip op. at 12 (Fed. Cir. June 23, 2015) are non-responsive to *Intellectual Ventures I LLC v. Symantec Corp.*, C.A. No. 10-1067-LPS, 2015 WL 1843528, at *18-19 (D. Del. Apr. 22, 2015).  D.I. 32-1 at 2, 4-5.  Finally, Defendants criticize as unpersuasive IBM's analysis of *Mkt. Track, LLC v. Efficient Collaborative Retail Mkttg., LLC,* No. 14-cv-4957, 2015 WL 3637740 (N.D. Ill. June 11, 2015), D.I. 33, at 3, while ignoring IBM's detailed explanation of how the claims of the Patents-In-Suit are distinguishable because they recite implementation details from the specification.  D.I. 32-1, at 7.  After knowingly making new arguments and citing new case law in their Reply, Defendants should not be permitted to dictate the contours of IBM's sur-reply based on which of IBM's arguments Defendants deem persuasive.

      For the foregoing reasons, IBM respectfully requests that this Court grant IBM's Motion For Leave to File A Sur-Reply In Opposition To Defendants' Motion To Dismiss.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

John M. Desmarais
Karim Oussayef
Robert C. Harrits
DESMARAIS LLP
230 Park Avenue
New York, NY  10169
Tel:  (212) 351-3400


Dated:  July 14, 2015
1195304 / 42141

By: */s/ David E. Moore*
    David E. Moore (#3983)
    Bindu A. Palapura (#5370)
    Stephanie E. O'Byrne (#4446)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE  19801
    Tel:  (302) 984-6000
    dmoore@potteranderson.com
    bpalapura@potteranderson.com
    sobyrne@potteranderson.com

*Attorneys for Plaintiff
International Business Machines Corporation*