# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 15-137-LPS-CJB ) ) **JURY TRIAL DEMANDED** |
| THE PRICELINE GROUP INC., KAYAK SOFTWARE CORPORATION, OPENTABLE, INC., AND PRICELINE.COM LLC | ) ) ) ) ) |
| Defendants. | ) |

## IBM'S OPPOSITION TO DEFENDANTS' MOTION TO STAY PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS

OF COUNSEL:

John M. Desmarais
Karim Oussayef
Robert C. Harrits
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: (212) 351-3400

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Plaintiff
International Business Machines Corporation*

Dated: July 20, 2015
1195847 / 42141

# TABLE OF CONTENTS

                                                                    **Page**

NATURE AND STAGE OF THE PROCEEDINGS ................................................................. 1

SUMMARY OF THE ARGUMENT .................................................................................... 1

ARGUMENT ......................................................................................................................... 2

    I. Applicable Legal Standard.................................................................................. 2

    II. Defendants Have Not Met Their Burden To Show That This Court Should Depart From Its Preference For Moving Forward With Discovery........................ 3

        A. Defendants' Proposed Stay Would Not Simplify The Issues For Trial................................................................................................................. 3

        B. Defendants' Proposed Stay Would Waste Judicial And Party Resources At This Stage Of The Case ......................................................... 7

        C. Defendants' Proposed Stay Would Result In Substantial Prejudice For IBM ................................................................................................................. 8

CONCLUSION.................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Bancorp Servs., LLC v. Sun Life Assur. Co. of Canada (U.S.)*,
    687 F.3d 1266 (Fed. Cir. 2012) ............................................................................................. 3

*Belden Techs. Inc. v. Superior Essex Commc'ns LP*,
    C.A. No. 08-63-SLR, 2010 WL 3522327 (D. Del. Sept. 2, 2010) ...................................... 5

*Coastal States Gas Corp. v. Dep't of Energy*,
    84 F.R.D. 278 (D. Del. 1979) ............................................................................................. 4

*Ever Win Int'l Corp. v. Radioshack Corp.*,
    902 F. Supp. 2d 503 (D. Del. 2012) ............................................................................... 2, 3

*Intellectual Ventures I LLC v. Xilinx, Inc.*,
    C.A. No. 10-1065-LPS, 2014 WL 906551 (D. Del. Mar. 5, 2014) ............................. 9, 10

*Kaavo Inc. v. Cognizant Tech. Solutions Corp.*,
    C.A. No. 14-1192-LPS-CJB, 2015 WL 1737476 (D. Del. Apr. 9, 2015) ........................... 6

*Kraft Foods Grp. Brands LLC v. TC Heartland LLC*,
    C.A. No. 14-28-LPS (D. Del. Jan. 7, 2015) ....................................................................... 2

*McRo, Inc. v. Bethesda Softworks LLC*,
    C.A. Nos. 12-1509-LPS-CJB, 12-1510, 15-1513, 12-1517, 12-1519, 2014
    WL 1711028 (D. Del. May 1, 2014) .................................................................................. 8

*Millennium Pharm., Inc. v. Teva Parenteral Medicines, Inc.*,
    C.A. Nos. 09-105-RGA, 09-204, 10-137, 2010 WL 1507655 (D. Del. Apr. 14,
    2010) ................................................................................................................................... 9

*Nexans Inc. v. Belden Inc.*,
    C.A. No. 12-1491-SLR-SRF, 2014 WL 651913 (D. Del. Feb. 19, 2014) *report
    and recommendation adopted,* C.A. No. 12-1491-SLR/SRF, 2014 WL 1232218
    (D. Del. Mar. 12, 2014) ...................................................................................................... 5

*NuVasive, Inc. v. Neurovision Med. Products, Inc.*,
    C.A. No. 15-286-LPS-CJB, 2015 WL 3918866 (D. Del. June 23, 2015) ...................... 2, 7

*Personalized User Model, L.L.P. v. Google, Inc.*,
    C.A. No. 09-525-LPS, 2012 WL 5379106 (D. Del. Oct. 31, 2012) ............................. 3, 10

*SoftView LLC v. Apple Inc.*,
    C.A. No. 10-389-LPS, 2012 WL 3061027 (D. Del. July 26, 2012) ................................... 5

*St. Clair Intellectual Prop. Consultants, Inc. v. Samsung Elec. Co., Ltd.*,
 C.A. Nos. 04-1436-JJF-LPS, 06-406, 06-404, 08-371, 08-373, 2010 WL 1213367
 (D. Del. Mar. 28, 2010) .................................................................................................. 2, 10

*Walker Digital, LLC v. Google, Inc.*,
 C.A. No. 11-318-LPS, 2014 WL 2880474 (D. Del. June 24, 2014) ................................... 9

**<u>Statutes</u>**

35 U.S.C. § 101 ............................................................................................................... 1, 3, 4, 5

35 U.S.C. § 102 ......................................................................................................................... 5

35 U.S.C. § 103 ......................................................................................................................... 5

35 U.S.C. § 112 ......................................................................................................................... 5

**<u>Rules</u>**

Fed. R. Civ. P. 26(d) ................................................................................................................. 8

**<u>Other Authorities</u>**

John Markoff, *IBM Discloses Working Version of a Much Higher-capacity Chip*,
 N.Y. TIMES, July 9, 2015 at B2 ........................................................................................ 9

# NATURE AND STAGE OF THE PROCEEDINGS

On February 9, 2015, Plaintiff International Business Machines ("IBM") filed its Complaint for Patent Infringement ("Complaint") against Defendants The Priceline Group Inc., Kayak Software Corporation, OpenTable, Inc., and priceline.com LLC (collectively, "Defendants") for infringement of United States Patent Nos. 5,796,967 ("the '967 patent"), 7,072,849 ("the '849 patent"), 5,961,601 ("the '601 patent"), and 7,631,346 ("the '346 patent") (collectively, the "Patents-In-Suit"). D.I. 1. On May 4, 2015, after obtaining several extensions to respond to IBM's complaint, D.I. 12; D.I. 14; D.I. 24, Priceline brought Defendants' Motion To Dismiss, D.I. 18; D.I. 19, pursuant to 35 U.S.C. § 101 ("Motion To Dismiss"). On July 2, 2015, Defendants filed Defendants' Motion For Stay Pending Resolution Of Defendants' Motion To Dismiss ("Motion For Stay").

# SUMMARY OF THE ARGUMENT

Defendants' Motion For Stay is based on the wishful thinking that "the case will simply go away." D.I. 31, at 5. Defendants' proposed stay would result in unnecessary delay that would fail to simplify issues for trial and would substantially prejudice IBM—all because Defendants seek to opt out of a short period of initial discovery. This case involves four distinct patents, each of which is infringed by the same set of Defendants' websites. Thus, the initial discovery from Defendants will be the same for each patent. With four distinct patents at issue, each of which claim several distinct inventions, Defendants give short shrift to the more likely outcomes: that the Court will deny the motion outright, defer a ruling until after claim construction or the close of discovery, or at least deny the motion with respect to some of the claims. Considering the more likely outcomes, Defendants' proposed stay would deny the parties early discovery for no reason at all. And in the case of a deferred ruling, the proposed stay may perversely block discovery of additional evidence that the Patents-In-Suit are patent-

eligible.  Defendants' Motion For Stay is also counterproductive because while Defendants complain that too much discovery will occur before the Motion To Dismiss is decided, they now seek to divert judicial resources from deciding the Motion To Dismiss in order to first decide their Motion For Stay.  Finally, Defendants do not consider the prejudice to IBM, whose licensing efforts depend on its ability to move forward with litigation and ensure that companies like Defendants cannot continue to use IBM's patented technology without authorization.

## ARGUMENT

**I.     Applicable Legal Standard**

This Court's "preference [is] that, in the main, cases filed by a plaintiff should move forward—even in the face of early-filed motions that have yet to be fully resolved." *NuVasive, Inc. v. Neurovision Med. Products, Inc.*, C.A. No. 15-286-LPS-CJB, 2015 WL 3918866, at *2 (D. Del. June 23, 2015); *see also Kraft Foods Grp. Brands LLC v. TC Heartland LLC*, C.A. No. 14-28-LPS, D.I. 32 (D. Del. Jan. 7, 2015).  In deciding a motion to stay, this Court considers "(1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage." *Ever Win Int'l Corp. v. Radioshack Corp.*, 902 F. Supp. 2d 503, 505 (D. Del. 2012).  The moving party has the burden to show that the above factors favor granting a stay, and "if there is a chance that a stay would damage the non-moving party, the party requesting a stay must make out a clear case of hardship or inequity in being required to go forward with the litigation." *St. Clair Intellectual Prop. Consultants, Inc. v. Samsung Elec. Co., Ltd.*, C.A. Nos. 04-1436-JJF-LPS, 06-406, 06-404, 08-371, 08-373, 2010 WL 1213367, at *3 (D. Del. Mar. 28, 2010).  The moving party's potential expense from engaging in discovery and

participating in litigation does not rise to the level of "undue hardship." *Personalized User Model, L.L.P. v. Google, Inc.*, C.A. No. 09-525-LPS, 2012 WL 5379106, at *2 (D. Del. Oct. 31, 2012).

II. **Defendants Have Not Met Their Burden To Show That This Court Should Depart From Its Preference For Moving Forward With Discovery**

    A. **Defendants' Proposed Stay Would Not Simplify The Issues For Trial**

This Court evaluates all possible outcomes in determining whether a stay will simplify the issue for trial. *Ever Win Int'l*, 902 F. Supp. 2d at 505-06. Defendants, however, essentially take for granted that their Motion To Dismiss will be granted in its entirety and give little consideration to any other outcome. The most obvious outcome that Defendants ignore is that this Court denies Defendants' Motion To Dismiss in its entirety. In that outcome, Defendants' proposed stay would clearly result in needless delay. But in the other possible outcomes too, Defendants' proposed stay would not simplify the issues for trial.

Defendants' proposed stay would complicate the issues for trial if the Court defers ruling on the Motion To Dismiss until after claim construction. As explained in IBM's Opposition To Defendants' Motion To Dismiss, "it will ordinarily be desirable—and often necessary—to resolve claim construction disputes prior to a § 101 analysis, for the determination of patent eligibility requires a full understanding of the basic character of the claimed subject matter." D.I. 23, at 2 (*citing Bancorp Servs., LLC v. Sun Life Assur. Co. of Canada (U.S.)*, 687 F.3d 1266, 1273-74 (Fed. Cir. 2012)). IBM has proposed claim constructions that recite implementation details for the claimed methods and systems, thus providing additional evidence that the Patents-In-Suit are directed to patent-eligible subject matter. D.I. 23, at 11-12, 18-19, 29. For example, IBM's proposed construction for "federated computing environment" explains how the claimed systems interact with each other. D.I. 23, Exhibit K. In order to fully evaluate the proper

3

constructions of the relevant claim terms and their effect on the patent-eligibility of the claims of the Patents-In-Suit, the parties must engage in claim construction discovery and briefing, and the Court must issue a claim construction ruling. If the Court decides that Defendants' Motion To Dismiss should be decided only after claim construction, Defendants' proposed stay would have needlessly delayed the case, including the very claim construction process necessary to decide the Motion To Dismiss.

Similarly, the proposed stay would complicate the issues if the Court defers ruling on § 101 issues until after the relevant facts have been further developed through discovery. Contrary to Defendants' assertions, D.I. 31, at 3, Defendants' Motion To Dismiss hinges on contested factual disputes. For example, the parties dispute whether the key characteristics of data objects, as claimed by the '967 and '849 Patents, were conventional and well-known in 1988. *Compare* D.I. 19 at 23-24, 27-28 *with* D.I. 23 at 23-27. At the motion to dismiss stage, all such factual determinations must be decided in favor of IBM. However, these relevant factual issues also weigh against granting a stay because "discovery should precede consideration of dispositive motions when the facts sought to be discovered are relevant to consideration of the particular motion at hand." *Coastal States Gas Corp. v. Dep't of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979).[1]

Defendants' proposed stay would also result in needless delay if the Court grants the Motion To Dismiss with respect some but not all of the claims of the Patents-In-Suit. Defendants make the conclusory statement that "even a partial grant of relief would greatly simplify the issues in dispute by mooting discovery" but they do not explain how that would

---

[1] Defendants state that *Coastal States Gas* "postpon[ed] discovery of issues relating to merits of a case pending resolution of [a] dispositive motion." D.I. 31 at 4. In fact, *Coastal States Gas* held that "plaintiff's motion for expedited discovery will be granted, and defendant's motion to stay further discovery will be denied." *Coastal States Gas*, 84 F.R.D. 278 at 283.

4

occur. D.I. 31 at 2-3 and 5. Even under IBM's proposed schedule, the most significant disclosure that Defendants are scheduled to make in the next three months is the production of core technical documents. D.I. 29-1 Ex. B at 1 and 3-4. Because Defendants' websites are accused of infringing all four of the Patents-In-Suit, regardless of how many of IBM's claims survive, Defendants will be obligated to produce core technical documents concerning their websites. D.I. 1 ¶¶ 30, 35, 40, 45. Accordingly, should the Court grant Defendants' Motion To Dismiss with respect to some but not all claims, Defendants' proposed stay would only delay the inevitable disclosure of those documents. Thus, this possible outcome also weighs against granting a stay. *Nexans Inc. v. Belden Inc.*, C.A. No. 12-1491-SLR-SRF, 2014 WL 651913, at *4 (D. Del. Feb. 19, 2014) *report and recommendation adopted,* C.A. No. 12-1491-SLR/SRF, 2014 WL 1232218 (D. Del. Mar. 12, 2014) (finding "the amount of infringement discovery that needs to be taken will not be substantially affected if any of the claims survive IPR because [the patentee] has accused all [of the defendants' products] of infringing three of the four patents-in-suit").

Finally, Defendants will undoubtedly rely on additional defenses besides invalidity under 35 U.S.C § 101, leaving significant issues that must be resolved during the remainder of the litigation, such as infringement, invalidity under 35 U.S.C. §§ 102, 103, or 112, and any number of addition defenses Defendants may allege. Defendants' Motion To Stay should be denied as it would have no effect on Defendants' remaining defenses. *Belden Techs. Inc. v. Superior Essex Commc'ns LP*, C.A. No. 08-63-SLR, 2010 WL 3522327, at *2 (D. Del. Sept. 2, 2010) (holding "a stay is not favored when infringement, validity under 35 U.S.C. § 112, or other issues outside the purview of reexamination remain to be tried"); *see also SoftView LLC v. Apple Inc.*, C.A. No. 10-389-LPS, 2012 WL 3061027, at *3 (D. Del. July 26, 2012).

Defendants rely heavily on *Kaavo Inc. v. Cognizant Tech. Solutions Corp.*, C.A. No. 14-1192-LPS-CJB, 2015 WL 1737476 (D. Del. Apr. 9, 2015). But Defendants have overlooked *Kaavo*'s directive to fully evaluate all possible outcomes in evaluating whether a proposed stay would simplify the issues for trial—not just the movant's preferred outcome. *Id*. at *2-3. *Kaavo* is clearly distinguishable on the facts as well. Unlike *Kaavo*, IBM has proposed claim constructions demonstrating that the claims of the Patents-In-Suit incorporate inventive concepts that preclude a finding of invalidity—thus increasing the likelihood that a stay would prevent the parties from moving toward necessary claim construction. D.I. 23, Exhibit K. In addition, IBM has highlighted key dependent claims in each of the Patents-In-Suit that recite additional inventive aspects, D.I. 23, at 11-12, 18-19, 29, while the *Kaavo* case only involved a single patent. Thus, *Kaavo* is clearly inapposite because here there are several distinct patents, each with several substantially different claims that must be evaluated separately, making it exceedingly unlikely that Defendants' Motion To Dismiss will simplify the issues for trial. D.I. 23, at 11-12, 18-19, 29. Further unlike *Kaavo*, IBM has highlighted factual issues that demonstrate that the Motion To Dismiss should be denied, or at least deferred until after the parties have engaged in the very discovery Defendants seek to delay. Finally, as discussed in greater detail below, Defendants' continued delay prevents IBM from vindicating its rights, thus hampering licensing efforts that IBM relies on to support its research and development efforts. D.I. 1, at ¶¶ 13, 15.

In sum, Defendants have not met their burden of showing that a stay would simplify the issues for trial. Indeed, they only analyze their preferred outcome, and all other outcomes would either fail to simplify the litigation or even complicate the issues for trial. Thus, this factor weighs strongly against granting a stay.

### B. Defendants' Proposed Stay Would Waste Judicial And Party Resources At This Stage Of The Case

Defendants' Motion For Stay wastes judicial resources even at this stage of the case by asking the Court to take up the new Motion To Stay instead of simply turning to the Motion To Dismiss and either reaching a decision or determining that it cannot yet be decided. That is why this Court's "Revised Procedures For Managing Patent Cases" states "generally, we will not defer the Case Management Conference and scheduling process solely due to the pendency of a motion to dismiss, transfer, or stay." Honorable Leonard P. Stark, *Revised Procedures for Managing Patent Cases*, United States District Court of Delaware (June 18, 2014); *see also NuVasive*, 2015 WL 3918866, at *2.

Defendants complain about having to engage in discovery before the Motion To Dismiss is decided while at the same time pushing out a decision on the Motion To Dismiss by asking the Court to first decide the Motion To Stay. Defendants are therefore responsible for additional burden and delay. If Defendants were truly concerned with conserving judicial resources, they could have briefed the Motion To Dismiss without requesting numerous extensions. D.I. 12; D.I. 14; D.I. 24. Granting Defendants' Motion To Stay here would open the floodgates to motions to stay in every case where a motion to dismiss is filed, thereby diverting judicial resources from considering the merits to deciding motions for a short-term stay.

The limited discovery that will occur while the Court considers the Defendants' Motion To Dismiss does not support Defendants' Motion For Stay. Under IBM's proposed scheduling order, over the next three months, IBM would identify accused products, Defendants would produce core technical documents, and IBM would then submit infringement contentions. *See* D.I. 29-1, Ex. B. That early discovery will help both parties better understand the contours of the case so they can begin to focus their contentions. At this stage of the litigation, discovery is

"cabined" to limited disclosures so there is no significant risk of wasting resources. *McRo, Inc. v. Bethesda Softworks LLC*, C.A. Nos. 12-1509-LPS-CJB, 12-1510, 15-1513, 12-1517, 12-1519, 2014 WL 1711028, at *3 (D. Del. May 1, 2014). Thus, this factor weighs against granting a stay.

### C. Defendants' Proposed Stay Would Result In Substantial Prejudice For IBM

Defendants' proposed stay would prejudice IBM in several ways. First, Defendants' motion creates uncertainty about the case schedule, precluding both parties from effectively planning and managing the course of the litigation. IBM's proposed scheduling order sets forth definite dates in accordance with normal practice under the Delaware local rules. D.I. 29-1, Ex. B. Defendants, on the other hand, already assume that their proposed stay has been granted[2] and have not proposed definite dates for *any* of the disclosures required under the local rules. *Id.* Instead, they propose, for example, that "two hundred ten (210) days after Defendants file their answers" and expert discovery shall be due "seventy-five (75) days after the Court issues its claim construction ruling or thirty (30) days after the close of fact discovery, whichever is later." D.I. 29-1, Ex. B at 6-7, 11. Defendants spend much of their brief extolling the benefit of moving for a stay early in the litigation but they are responsible for proposing an overly complicated and conditional scheduling order that gave the parties no chance to reach a compromise. Defendants' proposed stay would force the parties back to the drawing board to renegotiate concrete dates.

---

[2] Defendants go so far as to accuse IBM of gamesmanship for serving five interrogatories after the Fed. R. Civ. P. 26(f) conference between the parties. D.I. 31, at 6 n. 6. There is no mystery about the timing of IBM's discovery requests, Fed. R. Civ. P. 26(d) permits the service of interrogatories after the parties have their 26(f) conference, and the interrogatories seek information that will assist IBM in making its preliminary disclosures of accused products and asserted claims. Defendants' baseless complaint about having to respond to unremarkable interrogatories simply highlights their unilateral attempts to opt out of discovery.

8

Defendants also make much of the fact that IBM allegedly does not compete directly with Defendants. But competition between the parties is not the only basis for prejudice. *Intellectual Ventures I LLC v. Xilinx, Inc.*, C.A. No. 10-1065-LPS, 2014 WL 906551, at *2 (D. Del. Mar. 5, 2014). As discussed in detail in the Complaint, IBM invests heavily in research and development. D.I. 1 at ¶¶ 13. Just days ago, for example, IBM announced that it had achieved a breakthrough in developing a new generation of smaller computer chips.[3] The revenue generated through patent licensing enables IBM to continue to commit resources to the research and development efforts that lead to such breakthroughs. *Id.* at ¶ 15. Defendants' proposed stay would allow for continued infringement of the Patents-In-Suit and would hamper IBM's ability to license its patents and then reinvest the proceeds in its continuing research and development. *Walker Digital, LLC v. Google, Inc.*, C.A. No. 11-318-LPS, 2014 WL 2880474, at *1 (D. Del. June 24, 2014) (denying a motion for stay because "the longer [the defendant] is allowed to engage in allegedly infringing activity, the lower the value of the patents become[] as licensing assets"). Additional delay also prejudices IBM's ability to prove the value of its patents. *Millennium Pharm., Inc. v. Teva Parenteral Medicines, Inc.*, C.A. Nos. 09-105-RGA, 09-204, 10-137, 2010 WL 1507655, at *3 (D. Del. Apr. 14, 2010). Defendants criticize IBM for not bringing suit more quickly, D.I. 31, at 7, but they fail to mention that they have been on notice for almost *four years* during which time IBM has been attempting to license them voluntarily. D.I. 1, at ¶¶ 26-27. Moreover, IBM has a limited opportunity to license the '967 Patent since it expires this year, which further exacerbates the prejudice that would result from Defendants' proposed delay. *Walker Digital, LLC*, 2014 WL 2880474, at *1.

---

[3] John Markoff, *IBM Discloses Working Version of a Much Higher-capacity Chip*, N.Y. TIMES, July 9, 2015 at B2, also available at http://www.nytimes.com/2015/07/09/technology/ibm-announces-computer-chips-more-powerful-than-any-in-existence.html.

9

In light of the clear prejudice to IBM, Defendants cannot meet their burden to show that a stay is warranted.  "If there is a chance that a stay would damage the non-moving party, the party requesting a stay must make out a clear case of hardship or inequity in being required to go forward with the litigation."  *St. Clair Intellectual Prop. Consultants, Inc.,* 2010 WL 1213367, at *3; *see also Intellectual Ventures I*, 2014 WL 906551, at *1.  Here, IBM is clearly prejudiced and Defendants cannot show any significant hardship or inequity.  Defendants' only rationale for a stay is the desire to avoid participating in this litigation.  But the law is clear that simple participation in litigation does "rise to the level of undue hardship favoring a stay."  *Personalized User Model*, 2012 WL 5379106, at *2.  Thus, this factor too strongly favors denying the stay.

## CONCLUSION

Because all three factors weigh against granting a stay, IBM respectfully requests that this Court deny Defendants' Motion To Stay Pending Resolution of Defendants' Motion To Dismiss.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

John M. Desmarais
Karim Oussayef
Robert C. Harrits
DESMARAIS LLP
230 Park Avenue
New York, NY  10169
Tel:  (212) 351-3400


Dated:  July 20, 2015
1195847 / 42141

By: */s/ David E. Moore*
    David E. Moore (#3983)
    Bindu A. Palapura (#5370)
    Stephanie E. O'Byrne (#4446)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE  19801
    Tel:  (302) 984-6000
    dmoore@potteranderson.com
    bpalapura@potteranderson.com
    sobyrne@potteranderson.com

*Attorneys for Plaintiff*
*International Business Machines Corporation*