# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION,<br>    Plaintiff,<br><br>v.<br><br>THE PRICELINE GROUP INC., et al.,<br>    Defendants. | § § § § § § § § § § | Civil Action No. 1:15-cv-00137-LPS-CJB |

## REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO STAY PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS

Francis DiGiovanni (#3189)
Thatcher A. Rahmeier (#5222)
DRINKER BIDDLE & REATH LLP
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 467-4200
francis.digiovanni@dbr.com
thatcher.rahmeier@dbr.com

Dan D. Davison
NORTON ROSE FULBRIGHT US LLP
2200 Ross Ave., Suite 3600
Dallas, TX 75201
Tel: 214.855.8000
Fax: 214.855.8200
dan.davison@nortonrosefulbright.com

Richard S. Zembek
NORTON ROSE FULBRIGHT US LLP
Fulbright Tower
1301 McKinney, Suite 5100
Houston, TX 77010
Tel: 713.651.5283
Fax: 713.651.5246
richard.zembek@nortonrosefulbright.com

Gilbert A. Greene
Marwan Elrakabawy
NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Boulevard, Suite 1100
Austin, TX 78701
Tel: 512.474.5201
Fax: 512.536.4598
bert.greene@nortonrosefulbright.com
marwan.elrakabawy@nortonrosefulbright.com

Date: July 30, 2015

*Attorneys for Defendants, The Priceline Group Inc., Priceline.com LLC, KAYAK Software Corporation, and OpenTable, Inc.*

**TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................... 1

II. ARGUMENT AND AUTHORITIES.................................................................... 2

A. Defendants' Pending Motion to Dismiss has Significant Potential to Simplify the Issues. 2

B. The Early Stages of the Litigation Strongly Favors a Stay................................................. 5

C. A Stay Would Not Unduly Prejudice Plaintiff. ................................................................... 5

III. CONCLUSION....................................................................................................... 8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Belden Tech. v. Superior Essex Commc'ns.*,
    No. 08-63-SLR, 2010 WL 3522327 (D. Del. Sept. 2, 2010) ....................................................4

*Cooper Notification, Inc. v. Twitter, Inc.*,
    No. 09-865-LPS, 2010 WL 5149351 (D. Del. Dec. 13, 2010) .............................................7, 8

*Celorio v. On Demand Books LLC*,
    No. 12-821-GMS, 2013 WL 4506411 (D. Del. Aug. 21, 2013) ............................................5, 6

*Intellectual Ventures I v. Xilinx, Inc.*,
    No. 10-1065-LPS, 2014 WL 906551 (D. Del. March 5, 2014). ..............................................7

*Internet Patents Corp. v. Active Networks Inc.*,
    Nos. 2014-1048, et al., (Fed. Cir. June 23, 2015) ....................................................................4

*Kaavo v. Cognizant Tech. Solutions Corp.*,
    No. 14-1193-LPS-CJB, 2015 WL 1737476 (D. Del. April 9, 2015) .........................1, 2, 3, 4, 5

*Millennium Pharms., Inc. v. Teva Parenteral Meds. Inc.*,
    No. 09-105-RGA, 2010 WL 1507655, at *3 (D. Del. Apr. 14, 2010) ...................................5, 6

*Nexans Inc. v. Belden Inc.*,
    No. 12-1491-SLR-SRF, 2014 WL 651913 (D. Del. Feb. 19, 2014) ........................................2

*SoftView LLC v. Apple Inc.*,
    No. 10-389-LPS, 2012 WL 3061027 (D. Del. July 26, 2012) .................................................4

*St. Clair Intellectual Prop. Consultants, Inc. v. Samsung Electronics Co.*,
    No. 04-1436-JJF-LPS, 2010 WL 1213367 (D. Del. March 28, 2010), at *3 ...........................7

*Tuxis Techs., LLC v. Amazon.com, Inc.*,
    No. 13-1771-RGA, 2015 WL 1387815 ...................................................................................4

*Walker Digital LLC v. Google, Inc.* ("*Walker I*"),
    No. 11-318-LPS, 2014 WL 4365245 (D. Del. Sept. 3, 2014) .................................................6

*Walker Digital LLC v. Google, Inc.* ("*Walker II*"),
    No. 11-318-LPS, 2014 WL 2880474, at *1 (D. Del. June 24, 2014) ......................................6

**Rules and Statutes**

35 U.S.C. § 101 ..............................................................................................................1, 4, 5, 6

## I. INTRODUCTION

Defendants have presented a meritorious motion to dismiss that, if granted, will narrow the contested issues, if not dispose of this case altogether. The motion to dismiss is buttressed by a recent influx of decisional law that has invalidated analogous patent claims under 35 U.S.C. § 101. Accordingly, the stay requested by Defendants is likely to eliminate some or all of the patent claims from this case and conserve the time and resources of both the Court and the parties.

But an exhaustive evaluation of the merits of Defendants' motion to dismiss is unnecessary to determine whether the present *motion to stay* holds the significant potential for simplification of the case, has been timely brought, and whether its grant will be without undue prejudice to the Plaintiff. Defendants respectfully submit that the answer to each of these queries is unquestionably "yes." Accordingly, and particularly in light of this Court's decision in *Kaavo*—which is on all fours—the motion to stay should be granted.

Unable to assert any prejudice arising from the requested stay given that it failed to pursue claims on the patents-in-suit for several years, Plaintiff resorts to irrelevancies pertaining to extensions of time on the motion to dismiss briefing (Plaintiff fails to advise that it sought and received an extension as well)[1] and ultimately settles on the position that because the *court may not grant all or part of Defendants' Motion to Dismiss, a stay should be denied*. This position ignores precedential decisions of this Circuit and Court which recognize that where a dispositive motion holds the potential for significant simplification of the case, at its earliest stage, and

---

[1] Plaintiff unintentionally misleads the Court when it suggests that Defendants sought extensions on three separate occasions to brief its Motion to Dismiss. Opp.at 7. Two extensions were entered before Defendants' motion to dismiss was filed. The third extension was granted to provide Defendants an additional week to file its *Reply* on the motion.

without undue prejudice to the non-moving party, a pause of the proceedings is an eminently reasonable way to conserve the Court's and the parties' time and resources.

## II. ARGUMENT AND AUTHORITIES

All of the factors to be considered by this Court favor a stay pending resolution of Defendants' motion to dismiss.

### A. Defendants' Pending Motion to Dismiss Has Significant Potential to Simplify the Issues.

Broadly, there are three possible outcomes with respect to the pending motion to dismiss.

In the first scenario, the Court grants Defendants' motion in its entirety and the case ends. This fact favors a stay. *Kaavo v. Cognizant Tech. Solutions Corp.*, No. 14-1193-LPS-CJB, 2015 WL 1737476, at *1 (D. Del. April 9, 2015).

Second, the Court may grant some but not all the relief requested in Defendants' motion, in which case, there will still be significant simplification of the issues by mooting discovery with respect to certain patents or claims found unpatentable. Plaintiff contends that because Defendants' websites are accused, "regardless of how many of [Plaintiff]'s claims survive, Defendants will be obligated to produce core technical documents concerning their websites." (D.I. 36, Opp. p. 5.) Plaintiff's argument ignores the size and complexity of modern internet architecture which is not analogous to the data cables at issue in the case upon it relies, *Nexans Inc. v. Belden Inc.*[2] The patents-in-suit are directed to specific functionality of Defendants' systems. To the extent, for example, the Court invalidates the claims of Plaintiff's '346 Patent directed to single-sign-on processes, then the specifications and requirement documents regarding login and authentication routines on Defendants' individual websites would become irrelevant and those materials would not need to be collected, reviewed, and produced. Those

---

[2] No. 12-1491-SLR-SRF, 2014 WL 651913, at *4 (D. Del. Feb. 19, 2014) report and recommendation adopted, No. 12-1491-SLR/SRF, 2014 WL 1232218 (D. Del. Mar. 12, 2014).

documents are logically unrelated to materials concerning, for example, how the websites maintain the "state" of a user's search for a particular travel itinerary (the subject of the '601 Patent). As in *Kaavo*, Plaintiff has sued several entities. Though the entities in this case are under one corporate umbrella, they operate separate systems, by separate custodians, using separate email repositories, and using unique source code. Eliminating any number of patent claims from the case would mean that each of the three party defendant operating companies would need to conduct fewer sets of interviews with potential document custodians on such technology, collect fewer sets of related documents for transmittal and attorney review, and process fewer sets of documents for production.[3]

The prospect for substantial simplification under this second scenario is confirmed by examination of the interrogatories Plaintiff recently posed to Defendants. Plaintiff asks each defendant for various information about not just a single website, but "every website, application, or other interface" including "every version" of such, "since February 2009." *See* Ex. 1, IBM's First Set of Common Interrogatories, p. 6. Thus, far from Plaintiff's suggestion that this case targets a single website, or that early discovery in this case is "cabined to limited disclosures," (D.I. 36, Opp., p. 8), Plaintiff's discovery requests to date are far more broad and burdensome.

The third potential outcome is that the motion to dismiss is denied in whole. Defendants' considered this possibility in requesting the stay but noted this Court's conclusion in *Kaavo* that even where "little efficiency gain would be realized" under such an outcome, the potential for simplification still weighed in favor of a stay. (D.I. 31, Opening Brief, p. 5) (citing *Kaavo*, 2015 WL 1737476, at *1.) Plaintiff—ignoring this discussion—incorrectly suggests Defendants have

---

[3] The number of patents and claims subject to invalidation by Defendants' motion means that it is more likely, not less, that some simplification will be achieved through the motion to dismiss.

not considered this scenario. Defendants did. Further, Plaintiff's suggestion that the possibility of denial means a "stay would *complicate* the issues for trial" wrongly equates complication with delay. Every stay results in delay, even those which ultimately result in little or no simplification of the issues. As the Court recognized in *Kaavo*, this does not suggest that a dispositive motion does not carry the potential to eliminate or simplify issues. *See id.* (holding that first factor weighed in favor of stay even when considering possibility that defendants' motion would be denied).

Under Plaintiff's stay rationale, the only time a stay premised on a potentially case dispositive motion is proper is if the Court first assesses and decides the underlying dispositive motion in favor of the moving party. This type of "cart before the horse" thinking pervades Plaintiff's Opposition which improperly and illogically conflates the motion to stay with the ultimate resolution of Defendants' motion to dismiss. Defendants' contend that the patent eligibility of the asserted patent claims is ripe for decision. If the Court disagrees, it will deny or defer ruling on the motion to dismiss. But those issues need not be resolved in determining whether the proposed stay has the *potential* to simplify the issues for trial.[4] It unquestionably does and this factor favors a stay.

Finally, Plaintiff's suggestion that Defendants must abandon all other defenses besides invalidity under section 101 in order to secure a stay is incorrect and unsupported by Plaintiff's citation to *Belden Tech. v. Superior Essex Commc'ns*. In that case, the court observed that no

---

[4] Defendants have implicitly accepted Plaintiff's construction of terms for purposes of the motion to dismiss and have not asked the Court to resolve claim construction or factual disputes as part of the motion to dismiss. Several courts, including the Federal Circuit, have acknowledged that patent-eligibility issues may be decided on the pleadings. *See, e.g.*, *Tuxis Techs., LLC v. Amazon.com, Inc.*, No. 13-1771-RGA, 2015 WL 1387815, at *2; *Internet Patents Corp. v. Active Networks Inc.*, Nos. 2014-1048, et. al., slip op. at 12 (Fed. Cir. June 23, 2015) (D.I. 25-1).

matter how the pending reexamination resolved, issues of infringement and validity would remain for trial. No. 08-63-SLR, 2010 WL 3522327, at *2 (D. Del. Sept. 2, 2010). Similarly, in *SoftView LLC v. Apple Inc.*, several asserted claims were outside the purview of the pending reexamination. No. 10-389-LPS, 2012 WL 3061027, at *3 (D. Del. July 26, 2012). Here in contrast, Defendants' motion is potentially case dispositive and implicates each of the asserted patents.

### B. The Early Stages of the Litigation Strongly Favors a Stay.

Plaintiff cannot dispute that this case is in its earliest stages and that this fact "strongly favors a stay." *Kaavo*, 2015 WL 1737476, at *3. Plaintiff's failure to even address this factor is telling.

Instead, Plaintiff suggests that consideration of the motion to stay wastes judicial resources because it takes time away from the Court's potential consideration and resolution of the Motion to Dismiss. The argument resolves to a suggestion that the act of filing a motion to stay itself weighs against the grant of a motion to stay, which as with many of Plaintiff's arguments, proves too much. Such logic would require the denial of any stay request.

It is also not the case that granting the requested stay raises the specter that in every case where a defendant raises patent ineligibility claims, the Court must grant a stay of proceedings. While other Section 101 motions may simplify a case, they may or may not, as here, hold the potential for complete elimination of the action, have been brought early in the litigation, or fail to result in undue prejudice to the non-movant. In short, as here, each request must be viewed in light of the unique facts and circumstances presented by each case.

### C. A Stay Would Not Unduly Prejudice Plaintiff.

Defendants' diligence in filing their motion, the Plaintiff's concession regarding the lack of a competitive relationship between the parties, and the fact that money damages will fully

compensate Plaintiff, all weigh against a finding of undue prejudice and in favor of a stay. (listing timing of stay request, relationship between the parties, and whether plaintiff may be compensated through money damages, as sub-factors to determine undue prejudice). *Celorio v. On Demand Books LLC*, No. 12-821-GMS, 2013 WL 4506411, at *1 n.1 (D. Del. Aug. 21, 2013)

Plaintiff tries but fails to particularize why a stay would unduly prejudice its rights. First, Plaintiff confirms that it waited, at minimum, four years before pursuing this action. (D.I. 36, Opp., p. 9.) This concession makes it highly unlikely that a short stay subjects Plaintiff's interests to any damage. Indeed, the circumstances suggest Plaintiff sat on its rights for far longer. Plaintiff has acknowledged that Priceline "is a well-known company" (Compl. ¶ 24) and does not dispute that one of the allegedly infringing websites has been operating for 15 years *after* two of the four patents-in-suit issued. To the extent Plaintiff is arguably prejudiced at all by Defendants' allegedly infringing activity, much of the so-called prejudice to licensing opportunities is unquestionably attributable to Plaintiff's conduct and cannot support a finding that this litigation is a "'time of the essence matter' or that, absent expeditious litigation, [it] will suffer undue prejudice." *Celorio*, 2013 WL 4506411, at *1 ("While the litigation delay may result in some level of difficulty for Celorio, it is offset by Celorio's own decision not to file suit until years after becoming aware of the alleged infringement.").[5] Further, contrary to Plaintiff's

---

[5] Plaintiff's reliance on *Walker Digital LLC v. Google, Inc.* for the proposition that ongoing infringing activity represents prejudice to a patentee's ability to license its patents, must be tempered by the fact that less than three months after refusing to grant a stay in that case, this Court granted summary judgment of invalidity and indefiniteness and summary judgment of non-infringement. *See* No. 11-318-LPS, 2014 WL 4365245 (D. Del. Sept. 3, 2014). The advanced posture of that case was certainly a strong factor in the Court's decision to deny the requested stay. No. 11-318-LPS, 2014 WL 2880474, at *1 (D. Del. June 24, 2014) ("The second factor, stage of the proceedings, strongly disfavors a stay."). Plaintiff's citation to *Millennium Pharms., Inc. v. Teva Parenteral Meds. Inc.*, is also unpersuasive given that the court cited and relied upon specific provisions applicable to Abbreviated New Drug Applications ("ANDAs") in its analysis of prejudice. No. 09-105-RGA, 2010 WL 1507655, at *3 (D. Del. Apr. 14, 2010)

suggestion, it could be argued that Plaintiff's on-going efforts to license the very patents made the subject of the Section 101 challenge to third parties is a reason to grant the stay and decide the motion to dismiss.

In addition, it cannot be the case that "uncertainty about the case schedule" (D.I. 36, Opp., p 8) amounts to "undue prejudice"—otherwise every stay would be unduly prejudicial and never entered.

Finally, the citations to *St. Clair Intellectual Prop. Consultants Inc. v. Samsung Electronics Co.* and *Intellectual Ventures I v. Xilinx, Inc.* are both inapposite. Unlike the circumstances in *St. Clair*, where the potential relief depended upon a Federal Circuit ruling,[6] the timing and outcome of the motion to dismiss remains within the control of this Court. Further, as discussed above, given Plaintiff's prolonged delay in bringing this action, there is simply no "fair possibility that the stay . . . will work damage" on Plaintiff, and therefore Defendants need not make out a clear case of hardship or inequity to prevail on their request for stay. *Cooper Notification, Inc. v. Twitter, Inc.*, No. 09-865-LPS, 2010 WL 5149351, at *2 (D. Del. Dec. 13, 2010) (noting that hardship or inequity is not an absolute requirement for stay). But even if the threshold showing of damage to Plaintiff's interest has been met here (which it has not), the citation to *St. Clair* remains unavailing. While the movants in *St. Clair* could not establish hardship in continuing the litigation because any potential relief from an unfavorable claim construction in a parallel appeal was speculative and subject to further ruling by the district

---

("Congress clearly intended to allow for a prompt adjudication of these disputes by making the filing of an ANDA with a Paragraph IV certification an artificial act of infringement. By doing so, patent holders were able, and, in fact, required, to promptly bring suit. To prevent Plaintiffs from doing so in this case would alter the clearly established statutory time line, and would force Plaintiffs to wait for several years to have an opportunity to establish their patents' validity.") (internal citation and quotation omitted).

[6] *St. Clair Intellectual Prop. Consultants, Inc. v. Samsung Electronics Co.*, No. 04-1436-JJF-LPS, 2010 WL 1213367, *3 (D. Del. March 28, 2010).

court,[7] the potential simplification of the case and conservation of resources here is very real. Defendants would suffer real hardship in expending time and resources to litigate issues that may go away.[8] *Intellectual Ventures I* is distinguishable for similar reasons. In that case, the court found the requested stay—which was premised on concurrent reexamination proceedings—would "deprive Plaintiff of any Federal Court forum to resolve the disputes it has chosen to litigate." No. 10-1065-LPS, 2014 WL 906551, at *2 (D. Del. March 5, 2014). In contrast, the decision on patent eligibility—and if and when this case moves forward—remains with this Court.[9] In sum, Plaintiff has not established the possibility that the stay would result in undue prejudice.

## III. CONCLUSION

For the reasons set forth above, this Court should enter a stay pending resolution of Defendants' motion to dismiss.

---

[7] *See id.* at *4.

[8] Defendants acknowledge this Court's authority which suggests that the cost of proceeding with litigation does not articulate a clear hardship on the movant. *See e.g.*, *Cooper Notification*, 2010 WL 5149351, at *2. Defendants respectfully submit, however, that to the extent they must show undue hardship or inequity to support their stay in this case (and they do not believe Plaintiff has made a threshold showing to trigger such an obligation), that bar is met in proceeding with *this* particular litigation given the number of patents, claims, and the broad focus of Plaintiff's initial discovery.

[9] The court did not explicitly analyze the hardship to the movant in its order. It is clear, however, that the advanced stage of the litigation—fact and expert discovery were complete and trial was two months away—meant that, unlike the present case, there was not as great a potential for case simplification and resource conservation, thus reducing the potential for hardship on the movants in continuing to litigate the case. *See id.* at *2 (observing that the "parties ha[d] expended substantial resources in bringing the case to this late stage of the litigation").

| Dated: July 30, 2015 | */s/ Francis DiGiovanni* |
|---|---|

Francis DiGiovanni (#3189)
Thatcher A. Rahmeier (#5222)
DRINKER BIDDLE & REATH LLP
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 467-4200
francis.digiovanni@dbr.com
thatcher.rahmeier@dbr.com

Dan D. Davison
NORTON ROSE FULBRIGHT US LLP
2200 Ross Ave., Suite 3600
Dallas, TX 75201
Tel: 214.855.8000
Fax: 214.855.8200
dan.davison@nortonrosefulbright.com

Richard S. Zembek
NORTON ROSE FULBRIGHT US LLP
Fulbright Tower
1301 McKinney, Suite 5100
Houston, TX 77010
Tel: 713.651.5283
Fax: 713.651.5246
richard.zembek@nortonrosefulbright.com

Gilbert A. Greene
Marwan Elrakabawy
NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Boulevard, Suite 1100
Austin, TX 78701
Tel: 512.474.5201
Fax: 512.536.4598
bert.greene@nortonrosefulbright.com
marwan.elrakabawy@nortonrosefulbright.com

*Attorneys for Defendants, The Priceline Group Inc., Priceline.com LLC, KAYAK Software Corporation, and OpenTable, Inc.*

## CERTIFICATE OF SERVICE

I certify that on July 30, 2015, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

*/s/ Francis DiGiovanni*
Francis DiGiovanni

81829310.1