**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 15-137-LPS-CJB |
| THE PRICELINE GROUP INC., KAYAK SOFTWARE CORPORATION, OPENTABLE, INC., and PRICELINE.COM LLC, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM ORDER**

1.       Presently before the Court is a Motion to Stay, (D.I. 30), filed by Defendants The

Priceline Group Inc., KAYAK Software Corporation, OpenTable, Inc., and Priceline.com LLC

("Defendants").  Defendants seek a stay of the case pending resolution of Defendants' Motion to

Dismiss, (D.I. 18), which asserts that the four patents-in-suit are not patent-eligible pursuant to

35 U.S.C. § 101, (D.I. 19 at 1).  Plaintiff International Business Machines Corp. ("Plaintiff" or

"IBM") opposes the Motion to Stay.  On August 10, 2015, the Court held a Case Management

Conference and heard oral argument on the Motion to Stay.

2.       This Court has typically considered three factors when deciding a motion to stay:

(1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation,

particularly whether discovery is complete and a trial date has been set; and (3) whether a stay

would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to

gain a clear tactical advantage.  *See, e.g.*, *FMC Corp. v. Summit Agro USA, LLC*, Civil Action

No. 14-51-LPS, 2014 WL 3703629, at *2 (D. Del. July 21, 2014).

3.      With regard to simplification, a grant of the Motion to Dismiss might result in significant simplification, were it to resolve the case entirely or do so with regard to a significant number of patents or claims.  Moreover, Defendants contend (and Plaintiff does not seriously dispute) that later-stage discovery will differ significantly as to each asserted patent—such that early resolution of even part of the case (as to one patent, for example) could meaningfully reduce the discovery burden on the parties going forward.  (Transcript of August 10, 2015 Oral Argument ("Tr.") at 7-10; 34-35)  On the other hand, the likelihood of total or even substantial simplification is tempered by the fact Plaintiff has asserted a significant number of patents and claims.  (*See* D.I. 36 at 1, 6)  As a result, even if some of Defendants' arguments as to the Motion to Dismiss are successful, there could be many scenarios in which a substantial portion of the case would continue even after that motion is resolved.

4.      As to the litigation's status, the matter is in its infancy.  No case schedule has yet been entered, and very little discovery has been initiated by the parties.

5.      With regard to undue prejudice, the parties are not competitors, and there is no evidence that Defendants are pursuing an inappropriate tactical advantage by filing their motion at this time.  Plaintiff asserts that it will be unduly prejudiced by a stay, due to a potential effect on its patent licensing efforts, (D.I. 36 at 9), though its showing in that regard is not particularly strong.  But the delay in the resolution of the action, were a stay granted, could be significant enough to work to Plaintiff's detriment.

6.      Ultimately, the issue of whether a stay is warranted presents a close question for the Court.  (Tr. at 79-80)  In the Court's view, the matter falls somewhere between the factual circumstances that it addressed in *Kaavo Inc. v. Cognizant Tech. Solutions Corp.*, Civil Action

No. 14-1192-LPS-CJB, 2015 WL 1737476 (D. Del. Apr. 9, 2015) (granting a stay) and *Yodlee, Inc. v. Plaid Techs. Inc.*, Civil Action No. 14-1445-LPS-CJB, D.I. 57 (D. Del. July 31, 2015) (denying a stay). This suggests, in turn, that some type of middle ground between the results in those cases could be warranted.

7.    At oral argument, Defendants' counsel proposed that the Court could resolve the Motion to Stay by allowing the case to proceed on a limited basis, in which the parties could complete initial disclosures, but postpone further discovery until the Motion to Dismiss is decided. (Tr. at 65-66) The Court agrees that, under the circumstances, and in light of the strength of the parties' respective showings discussed above, this is the most appropriate result.

8.    THEREFORE, the Court hereby ORDERS that the Motion to Stay is GRANTED-IN-PART, as follows:

a.    The Court will defer entry of a full scheduling order, and will instead put in place the more limited schedule set out below. The following dates will remain reserved on Chief Judge Stark's calendar, such that the parties may be able to utilize those dates in the future, depending on the timing and result of the Court's resolution of the Defendants' Motion to Dismiss: A *Markman* hearing is scheduled for **May 23, 2016 at 1:00 p.m.**; a hearing relating to oral argument on *Daubert* and dispositive motions is scheduled for **February 7, 2017 at 9:00 a.m.**; a pretrial conference is scheduled for **July 7, 2017 at 9:00 a.m.**; and a trial date is scheduled for **August 14, 2017 at 9:30 a.m.**

b.    By **August 24, 2015**, Plaintiff shall identify the accused product(s), including accused methods and systems, and its damages model, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s). Plaintiff shall also produce the file history for

each asserted patent.  To the extent Plaintiff has already fulfilled these requirements prior to the date of this Order, (*see* D.I. 42 at ¶ 7(a) (proposing a date of July 31, 2015 for this deadline)), it need do nothing further by the **August 24, 2015** deadline.

        c.      By **September 11, 2015**, Defendants shall produce core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications.  Defendants shall also produce sales figures for the accused product(s).

        d.      By **October 16, 2015**, Plaintiff shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.  IBM shall also produce patent licenses that were the result of negotiations specific to one or more of the patents-in-suit, or that specifically reference any of the patents-in-suit.

        e.      By **November 13, 2015**, Defendants shall produce their initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

        f.      On **November 27, 2015**, counsel shall submit a joint letter to the Court with an interim report on the progress of the case to date.  Thereafter, if the Court deems it necessary, it will schedule a status conference.

        g.      Beyond the items listed in paragraphs (b)-(f) above, the parties' obligation to respond to discovery requests is STAYED until the resolution of the Motion to Dismiss.

    9.     IT IS SO ORDERED.

Dated:  August 18, 2015

Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE