

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000
www.potteranderson.com

**Bindu A. Palapura**
Attorney at Law
bpalapura@potteranderson.com
302 984-6092  Direct Phone
302 658-1192  Fax

November 16, 2015

**VIA ELECTRONIC-FILING**
The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3556

      Re:    *International Business Machines Corporation v. The Priceline Group Inc., et al.*,
              No. 1:15-cv-00137-LPS-CJB (D. Del.)

Dear Chief Judge Stark:

      Plaintiff International Business Machines Corporation ("IBM") respectfully submits this letter pursuant to the Court's October 27, 2015 Oral Order. IBM and the Defendants were able to reach agreement on the majority of the Joint Proposed Protective Order, but the parties respectfully request the Court's assistance in resolving their disputes regarding the scope of the proposed prosecution bar, pursuant to paragraph 6(a), and the extent to which in-house counsel should be permitted to receive confidential material, pursuant to paragraph 10(b)(ii). The Joint Proposed Protective Order, with disputes noted therein, is attached as Exhibit A.

      The Court Ordered that "not later than November 16, 2015, any party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues." (D.I. 49.) As both parties seek the entry of a protective order, the parties have agreed that each party will submit a single letter outlining the issues in dispute and its position on those issues.

**I. IBM's Proposed Prosecution Bar Should Be Adopted (Paragraph 6(a)).**

      **A. Defendants' One-Sided Prosecution Bar Does Not Protect IBM's Confidential Material.**

      Defendants advocate that the prosecution bar should apply only to IBM by proposing the language "on behalf of Plaintiff" in paragraph 6(a). However, just like Defendants, IBM has a legitimate interest in ensuring that its confidential material is not misused, whether intentionally or inadvertently, in patent prosecution. This suit was not brought by a non-practicing entity; IBM is one of the largest companies in the world with a diverse product portfolio, which could be targeted by patents prosecuted by Defendants or their counsel. IBM has already produced documents designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" regarding strategic licensing agreements with third parties, and IBM expects to produce additional highly confidential documents regarding the products it developed contemporaneously with the patented inventions. During the meet and confer process, Defendants have argued for their one-sided

The Honorable Leonard P. Stark
November 16, 2015
Page 2

prosecution bar by asserting that they will produce more confidential documents than IBM will produce. But the agreed upon language takes Defendants' assumption into account by limiting the prosecution bar to only those documents that are designed as highly confidential.

### B. The Prosecution Bar Should Be Limited To The Subject Matter Of The Designated Documents

Defendants propose that the prosecution bar should apply "to the subject matter of the patents-in-suit." Defendants' prohibition is not narrowly tailored and would be extremely burdensome on both outside and in-house counsel because receiving a single confidential document may trigger a prosecution bar applying to a wide variety of unrelated technology. Documents may be designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" for a variety of reasons unrelated to technical information—they may contain highly confidential financial data for example[1]—and, as a result, the prosecution bar should take into account the subject matter of the designated documents. IBM's proposed language limits the scope of the prosecution bar to "any confidential information learned from the received designated material" and is narrowly tailored to reduce the burden on both parties. Under IBM's proposal, because the scope of the prosecution bar is commensurate with the subject matter of the documents received, the parties have an incentive to be selective about which confidential documents should be sent to which individuals. Finally, because the scope of Defendants' proposed prosecution bar is tied to the patents-in-suit, it assumes that the prosecution bar should only apply to IBM. That assumption should be rejected, as discussed above, in Section I. A.

### C. IBM's Proposed Language About Post-Grant Proceedings Is More Clear Than Defendants' Language And Is Therefore Less Likely To Result In Future Disputes.

IBM's proposed language is clear: those who receive "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" material can participate in post-grant proceedings but cannot assist in obtaining new or amended claims. Defendants' language, on the other hand, is difficult to decipher. First, Defendants' proposed language refers to "proceedings on behalf of a ***patent owner*** challenging the validity of any patent." It is unclear why it matters whether a patent owner or a non-patent owner challenges the validity of a patent. Second, Defendants' language imposes the restriction "so long as the patent owner does not or cannot amend the patent claims." But that restriction puts the cart before the horse; whether a party chooses to amend the patent claims or has the ability to do so can only be evaluated at the end of the post-grant proceeding. The Court should adopt IBM's straightforward prosecution bar because IBM has a strong interest in knowing what restrictions will apply to choosing its counsel for patent prosecution. *See Xerox Corp. v. Google, Inc.*, 270 F.R.D. 182, 185 (D. Del. Sep. 8, 2010). Forcing IBM to rely on less knowledgeable counsel during post-grant proceedings would needlessly increase costs and duplicate effort. *Id.*

---

[1] *See* Exhibit A, ¶ 10(a).

The Honorable Leonard P. Stark
November 16, 2015
Page 3

## II. Two In-House Counsel With No Competitive Decision Making Ability Should Be Permitted To Receive Highly Confidential Materials (Paragraph 10(b)(ii))

Defendants have objected to IBM's proposal that two in-house counsel for each party have access to "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" material. During the meet-and-confer process, Defendants professed concerns that IBM's in-house counsel may be able to use Defendants' highly confidential material to unfairly compete with Defendants. However, Defendants have already contended that IBM and Defendants are not competitors. *See* D.I. 31, at 8. Furthermore, IBM's proposed language contains several important safeguards. First, in-house counsel must agree "to be bound by the provisions of the Protective Order," which among other things requires that "Protected Material . . . shall be used by a Receiving Party solely for this Action and shall not be used directly or indirectly for any other purpose whatsoever." *See* Exhibit A ¶¶ 1(a), 10(b)(ii). Second, in-house counsel must have "been previously identified," giving Defendants the opportunity to seek additional protections if they have any specific concerns. *Id.* at ¶ 10(b)(ii). Third, in-house counsel must "exercise[] no competitive decision-making authority." *Id.* Those safeguards make Defendants' professed concerns exceedingly remote.

In-house counsel access to highly confidential material will allow both parties' outside counsel to better educate their clients. If in-house counsel are better able to understand the technical and financial issues involved, they can obtain better legal advice and can better contribute to litigation strategy. Access to such documents for select members of the in-house team is especially important for patent litigation cases where the merits necessarily turn on highly confidential technical documents. The parties will also be able to conduct more productive discussions about a potential resolution to the litigation if the clients understand the merits of the case in context of the documents.

* * *

For the foregoing reasons, IBM's proposed version of the protective order should be adopted.

Respectfully,

*/s/ Bindu A. Palapura*

Bindu Palapura


BAP:nmt/1209393/42141

Enclosures
cc:   Clerk of the Court (via hand delivery)
      Counsel of Record (via electronic mail)