## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| THE PRICELINE GROUP INC., KAYAK SOFTWARE CORPORATION, OPENTABLE, INC., AND PRICELINE.COM LLC | ) ) ) ) ) |
| Defendants. | ) ) |

C.A. No.   15-137-LPS-CJB

**JURY TRIAL DEMANDED**

### ~~JOINT PROPOSED~~ SCHEDULING ORDER

This __25th__ day of __February__, 2016, the Court having conducted a Case Management Conference/Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) and Judge Stark's Revised Procedures for Managing Patent Cases (which is posted at http://www.ded.uscourts.gov,; see Chambers, Judge Leonard P. Stark, Patent Cases) on August 10, 2015, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS HEREBY ORDERED that:

1.     Rule 26(a)(l) Initial Disclosures and E-Discovery. Unless otherwise agreed to by the parties, the parties shall make supplemental initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within **ten (10) days of the date of this Order**. If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") (which is posted at http://www.ded.uscourts.gov), and shall meet and confer to agree upon an ESI Stipulation **within fourteen days (14) of this Order**.

2.      Joinder of Other Parties and Amendment of Pleadings. All motions to join other

parties, and to amend or supplement the pleadings, shall be filed on or before **July 8, 2016.** ✓ *ов*

3.      Papers Filed Under Seal. In accordance with section G of the Administrative

Procedures Governing Filing and Service by Electronic Means, a redacted version of any

sealed document shall be filed electronically within seven (7) days of the filing of the sealed

document.

Should any party intend to request to seal or redact all or any portion of a transcript of a

court proceeding (including a teleconference), such party should expressly note that intent at the

start of the court proceeding. Should the party subsequently choose to make a request for sealing

or redaction, it must, promptly after the completion of the transcript, file with the Court a motion

for sealing/redaction, and include as attachments (1) a copy of the complete transcript highlighted

so the Court can easily identify and read the text proposed to be sealed/redacted, and (2) a copy

of the proposed redacted/sealed transcript. With their request, the party seeking redactions must

demonstrate why there is good cause for the redactions and why disclosure of the redacted

material would work a clearly defined and serious injury to the party seeking redaction.

4.      Courtesy Copies. Other than with respect to "discovery matters," which are

governed by paragraph 8(g), and the final pretrial order, which is governed by paragraph 20, the

parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy

of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations,

affidavits etc.). This provision also applies to papers filed under seal.

---

[1] ~~The dates set forth herein as "Defendants' Proposal" are Defendants' primary proposal, as~~ ℓ *ов*
~~explained in the cover letter.   Attached as Exhibit A hereto is a table that list Plaintiff's proposal,~~ ℓ
~~Defendants' primary proposal, and; in the fourth column, Defendants' alternate proposal, for~~ ℓ
~~consideration in the event that the Court rejects Defendants' primary proposal.~~ ℓ

2

5.     ADR Process. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

6.     [Defendants Propose][2] Post-Grant Review Issues.

Because Defendants have filed petitions for Inter Partes Review (IPR) for two of the four asserted patents, and expect to shortly file Covered Business Method (CBM) Review for the other two of the four asserted patents (collectively, "the Reviews"), and may seek to stay the litigation in the event that the Patent Trial and Appeal Board (PTAB) institutes some or all of the Reviews, briefing on any such motion to stay shall proceed as follows:

      a.     Defendants' motion to stay and opening brief is due **July 1, 2016**;

      b.     Plaintiff's answering brief is due on **July 22, 2016**;

      c.     Defendants' reply brief is due **August 5, 2016**;

      d.     Defendants may file a supplemental (3 page) letter within seven (7) days after the PTAB's last decision on institution of the Reviews, describing how the PTAB's decisions impact the merits of the motion; and

      e.     Plaintiff may file a supplemental (3 page) letter within seven (7) days after the filing of Defendants' supplemental (3 page) letter, responding to Defendants' letter and describing how the PTAB's decisions impact the merits of the motion.

In the event that the PTAB's last decision on institution of the Reviews issues prior to July 1, 2016, Defendants' motion to stay and opening brief may be filed any time after it issues and briefing on the motion shall be per the Local Rules.

---

[2] IBM submits that there is no need to schedule briefing for a potential motion to stay that Defendants may or may not file based on potential Cover Business Method Review petitions that Defendants have not filed but may file at some unspecified time in the future.

7.   Disclosures. Absent agreement among the parties, and approval of the Court:

a.   By **September 13, 2016**, Plaintiff shall provide final infringement

contentions.

b.   By [Plaintiff Proposes September 23, 2016; Defendants Propose~ *OR*

October 13, 2016] Defendant shall provide final invalidity contentions.

8.   Discovery. Unless otherwise ordered by the Court, the limitations on discovery set

forth in Local Rule 26.1 shall be strictly observed.

a.   Discovery Cut Off. All fact discovery in this case shall be initiated so that

it will be completed on or before [Plaintiff Proposes August 26, 2016; Defendants Propose~ *OR*

November 18, 2016].

b.   Document Production. Document production shall be substantially

complete by [Plaintiff Proposes May 2, 2016; Defendants Propose July 8, 2016]. May 27, 2016 *OR*

c.   Requests for Admission. Plaintiff may serve a maximum of **20 common**

**requests for admission and an additional 10 requests for admission on each Defendant.**

**Defendant may serve a maximum of 20 common requests for admission and each Defendants**

**may serve 10 additional requests for admission to Plaintiff.**   These limitations do not apply to

requests for admission that are directed solely to authentication.   The parties are required to meet

and confer in good faith prior to serving any requests for admission directed solely to the

authentication of documents and things to determine whether the requests are necessary and/or

reasonable.

d.   Interrogatories.

i.   Plaintiff may serve a maximum of **10 common interrogatories**

**and an additional 5 interrogatories, including contention**

4

**interrogatories, to each Defendant**. Defendants may serve a maximum of **10 common interrogatories and each Defendant may serve an additional 5 interrogatories, including contention interrogatories, to Plaintiff.**

ii.    The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

e.    <u>Depositions</u>.

i.    <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of **100 hours** of taking testimony by deposition upon oral examination. The foregoing limit on deposition hours shall not include depositions of inventors or experts. Each deposition, including the depositions of inventors, shall be limited to seven hours.

ii.    <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district.

5

Exceptions to this general rule may be made by order of the Court or agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

f.   Disclosure of Expert Testimony.

i.   Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before [Plaintiff Proposes ~~September 30, 2016; Defendants Propose December 2, 2016~~]. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due [Plaintiff Proposes ~~October 21, 2016; Defendants Propose January 6, 2017~~]. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. **All expert discovery shall be completed by [Plaintiff Proposes]November 17, 2016; ~~Defendants Propose February 17, 2017~~.**

ii.  Expert Report Supplementation. The parties agree they **will** permit expert declarations to be filed in connection with motions briefing (including case-dispositive motions).

6

     iii.     <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court. Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions.

  g.     <u>Discovery Matters and Disputes Relating to Protective Orders</u>.

     i.     Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

     ii.     Should counsel find, after good faith efforts -including *verbal* communication among Delaware and Lead Counsel for all parties to the dispute-that they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall submit a joint letter in substantially the following form:

Dear Judge Stark:

The parties in the above-referenced matter write to request the scheduling of a discovery teleconference.

The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s): _____

Delaware Counsel: _____

Lead Counsel: _____

The disputes requiring judicial attention are listed below:

[provide here a non-argumentative list of disputes requiring judicial attention]

iii.     On a date to be set by separate order, generally not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. On a date to be set by separate order, but generally not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition.

iv.     Each party shall submit two (2) courtesy copies of its discovery letter and any attachments.

v.     Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

9.     <u>Motions to Amend.</u>

a.     Any motion to amend (including a motion for leave to amend) a pleading shall ***NOT*** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

8

b.      Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

c.      Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to amend.

10.    Motions to Strike.

a.      Any motion to strike any pleading or other document shall *NOT* be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the document to be stricken.

b.      Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

c.      Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to strike.

11.    Tutorial Describing the Technology and Matters in Issue. Unless otherwise ordered by the Court, the parties shall provide the Court, no later than the date on which their opening claim construction briefs are due, a tutorial on the technology at issue. In that regard, the parties may separately or jointly submit a DVD of not more than thirty (30) minutes. The tutorial should focus on the technology in issue and should not be used for argument. The parties may choose to file their tutorial(s) under seal, subject to any protective order in effect. Each party may

9

comment, in writing (in no more than five (5) pages) on the opposing party's tutorial. Any such comment shall be filed no later than the date on which the answering claim construction briefs are due. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial (currently best are "mpeg" or "quicktime").

    12.   <u>Narrowing the Issues in the Case.</u>

No later than [Plaintiff Proposes September 13, 2016; Defendants Propose April 29, 2016], May 17, 2016, plaintiff shall serve a preliminary election of asserted claims, which shall include not more than [Plaintiff Proposes fourteen (14) claims per patent; Defendants Propose ten (10) claims from each patent and not more than a total of 32 claims]. No later than [Plaintiff Proposes September 23, 2016; Defendants Propose May 27, 2016], defendants shall serve a preliminary election of asserted prior art, which shall include no more than [Plaintiff Proposes fourteen (14) invalidity theories per patent;[3] Defendants Propose twelve (12) prior art references[4] against each patent and not more than a total of 40 references] against each patent.

No later than [Plaintiff Proposes April 7, 2017; Defendants Propose September 13, 2016], November 16, 2016, plaintiff shall serve a final election of asserted claims, which shall identify not more than [Plaintiff Proposes seven (7) claims per patent from among the 14 previously identified claims; Defendants Propose five (5) claims per patent from among the 10 previously identified claims and no more than a total of 16 claims]. No later than [Plaintiff Proposes

_____

[3] An invalidity theory is either an anticipation theory based on a single reference, an obviousness theory based on a single reference, or an obviousness theory based on a primary reference and up to three secondary references in combination with the primary reference. For example, the combination of primary reference A with secondary reference B and/or C counts as three theories, i.e., A +B, A +C, and A +B +C.

[4] Each prior art product or process, along with any references that describes that product or process, count as a single reference for the purpose of counting prior art references. Related articles by the same author, group, or organization pertaining to the same or similar subject matter count as a single reference for the purpose of counting prior art references.

December 1, 2016

~~April 21, 2017; Defendants Propose October 13, 2016],~~ Defendant shall serve a final election *or*

of asserted prior art, which shall identify not more than ~~[Plaintiff Proposes~~ seven (7) invalidity

theories from among the twelve (14) previously identified against each patent; ~~Defendants~~ *and*

~~Propose six (6) prior art references against each patent from among the twelve (12)~~

~~previously identified and not more than a total of 20 references].~~ To the extent circumstances

arise that require a greater number of claims or prior art arguments, the parties may seek relief

from the Court.

June 20, 2016

     13.   Claim Construction Issue Identification. On ~~[Plaintiff Proposes March 11, 2016;~~ *or*

~~Defendants Propose June 24, 2016]~~ the parties shall exchange a list of those claim

July 6, 2016

term(s)/phrase(s) that they believe need construction.  On ~~[Plaintiff Proposes March 25, 2016;~~ *or*

~~Defendants Propose July 8, 2016]~~ the parties shall exchange their proposed claim construction

of those term(s)/phrase(s). These documents will not be filed with the Court.   Subsequent to

exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart

July 13, 2016.

to be submitted on ~~[Plaintiff Proposes April 1, 2016; Defendants Propose July 29, 2016].~~   The

parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the

claim(s) in issue, and should include each party's proposed construction of the disputed claim

language with citation(s) to the intrinsic and extrinsic evidence in support of their respective

proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic

record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint

submission, the parties shall not provide argument.

     14.   Claim Construction Briefing. The parties shall contemporaneously submit initial

July 25, 2016

briefs on claim construction issues on ~~[Plaintiff Proposes April 15, 2016; Defendants Propose~~

~~August 26, 2016].~~ The parties' answering/responsive briefs shall be contemporaneously

11

August 15, 2016

submitted on [Plaintiff Proposes May 6, 2016; Defendants Propose September 16, 2016]. No *LB*

reply briefs or supplemental papers on claim construction shall be submitted without leave of the

Court. Local Rule 7.1.3(4) shall control the page limitations for initial (opening) and responsive

(answering) briefs.

9a.m. August 29, 2016

    15.   Hearing on Claim Construction. **Beginning at 1 p.m. on [Plaintiff Proposes May** *CPO*

**23, 2016; Defendants Propose October ___, 2016].** The Court will hear argument on claim

construction. The parties shall notify the Court, by joint letter submission, no later than the date

on which their answering claim construction briefs are due: (i) whether they request leave to

present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to

them for the hearing.

    Provided that the parties comply with all portions of this Scheduling Order, and any other

orders of the Court, the parties should anticipate that the Court will issue its claim construction

order within sixty (60) days of the conclusion of the claim construction hearing. If the Court is

unable to meet this goal, it will advise the parties no later than sixty (60) days after the conclusion

of the claim construction hearing.

    16.   Interim Status Report. On [Plaintiff Proposes November 27, 2015; Defendants *LB*

Propose June 15, 2016] counsel shall submit a joint letter to the Court with an interim report on

the nature of the matters in issue and the progress of discovery to date. Thereafter, if the Court

deems it necessary, it will schedule a status conference.

    17.   Supplementation. Absent agreement among the parties, and approval of the Court,

no later than [Plaintiff Proposes July 29, 2016; Defendants Propose August 30, 2016] the *LB*

parties must finally supplement, *inter alia,* the identification of all accused products and of all

invalidity references.

18. <u>Case Dispositive and *Daubert* Motions</u>. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before [Plaintiff Proposes]December 8, 2016; ~~Defendants Propose March 10, 2017~~. Briefing will be     *CMB* presented pursuant to the Court's Local Rules, as modified by this Order.

      a. <u>No early motions without leave</u>. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

      b. <u>Page limits combined with *Daubert* motion page limits</u>. Each party is permitted to file as many case dispositive motions as desired; provided, however, that each ***SIDE*** will be limited to a combined total of 40 pages for all opening briefs, a combined total of 40 pages for all answering briefs, and a combined total of 20 pages for all reply briefs regardless of the number of case dispositive motions that are filed. In the event that a party files, in addition to a case dispositive motion, a *Daubert* motion to exclude or preclude all or any portion of an expert's testimony, the total amount of pages permitted for all case dispositive and *Daubert* motions shall be increased to 50 pages for all opening briefs, 50 pages for all answering briefs, and 25 pages for all reply briefs for each *SIDE*[5].

      c. <u>Hearing</u>. The Court will hear argument on all pending case dispositive and *Daubert* motions on [Plaintiff Proposes]February 7, 2017 beginning at 11 a.m.; ~~Defendants~~     *CMB* ~~Propose April ___, 2017, beginning at ___:___ _.m.]~~. Subject to further order of the Court, each side will be allocated a total of forty-five (45) minutes to present its argument on all pending motions.

---

[5] The parties must work together to ensure that the Court receives no more than a *total* of *250 pages* (i.e., 50+ 50+ 25 regarding one side's motions, and 50+ 50+ 25 regarding the other side's motions) of briefing on all case dispositive motions and *Daubert* motions that are covered by this scheduling order and any other scheduling order entered in any related case that is proceeding on a consolidated or coordinated pretrial schedule.

13

19.    Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

20.    Pretrial Conference. On [Plaintiff Proposes ~~July 7, 2017, Defendants Propose~~ ~~November ___, 2017~~] the Court will hold a pretrial conference in Court with counsel beginning **at 9 a.m.**  Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Revised Final Pretrial Order-Patent, which can be found on the Court's website (www.ded.uscourts.gov), **one week before the Pretrial Conference.** Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order.

The parties shall provide the Court two (2) courtesy copies of the joint proposed final pretrial order and all attachments.

As noted in the Revised Final Pretrial Order-Patent, the parties shall include in their joint proposed final pretrial order, among other things:

a.    a request for a specific number of *hours* for their trial presentations, as well as a requested number of days, based on the assumption that in a typical jury trial day (in which there is not jury selection, jury instruction, or deliberations), there will be 5 1/2 to 6 1/2 hours of trial time, and in a typical bench trial day there will be 6 to 7 hours of trial time;

b.    their position as to whether the Court should allow objections to efforts to impeach a witness with prior testimony, including objections based on lack of completeness and/or lack of inconsistency;

14

   c. <u>their position as to whether the Court should rule at trial on objections to</u> <u>expert testimony</u> as beyond the scope of prior expert disclosures, taking time from the parties' trial presentation to argue and decide such objections, or defer ruling on all such objections unless renewed in writing following trial, subject to the proviso that a party prevailing on such a post-trial objection will be entitled to have all of its costs associated with a new trial paid for by the party that elicited the improper expert testimony at the earlier trial; and

   d. <u>their position as to how to make motions for judgment as a matter of law,</u> whether it be immediately at the appropriate point during trial or at a subsequent break, whether the jury should be in or out of the courtroom, and whether such motions may be supplemented in writing.

  21. <u>Motions *in Limine*</u>. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each ***SIDE*** shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the side making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one ( 1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

  22. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file (i) proposed voir dire, (ii)

preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms three (3)

business days before the final pretrial conference. This submission shall be accompanied by a

courtesy copy containing electronic files of these documents, in WordPerfect or Microsoft Word

format, which may be submitted by e-mail to Judge Stark's staff.

23.    Trial. This matter is scheduled for **5 to 7 day** trial beginning at **9:30 a.m. on**

[Plaintiff Proposes August 14, 2017; Defendants Propose December ___, 2017] with the

subsequent trial days beginning at 9:00 a.m. Until the case is submitted to the jury for

deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel

will be allocated a total number of hours in which to present their respective cases.

24.    Judgment on Verdict and Post-Trial Status Report. Within seven (7) days after a

jury returns a verdict in any portion of a jury trial, the parties shall jointly submit a form of order

to enter judgment on the verdict. At the same time, the parties shall submit a joint status report,

indicating among other things how the case should proceed and listing any post-trial motions

each party intends to file.

25.    Post-Trial Motions. Unless otherwise ordered by the Court, all *SIDES* are limited

to a maximum of 20 pages of opening briefs, 20 pages of answering briefs, and 10 pages of reply

briefs relating to any post-trial motions filed by that side, no matter how many such motions are

filed.


_____, U.S.M.J.
UNITED STATES DISTRICT JUDGE


4217191/42141

16