IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 15-137-LPS-CJB |
| THE PRICELINE GROUP INC., KAYAK SOFTWARE CORPORATION, OPENTABLE, INC., and PRICELINE.COM LLC, | : |
| Defendants. | : |

## MEMORANDUM ORDER

WHEREAS, Magistrate Judge Burke issued a 53-page Report and Recommendation (the "Report") (D.I. 60), dated February 16, 2016, recommending that Defendants The Priceline Group Inc., Kayak Software Corporation, OpenTable, Inc., and priceline.com LLC's (collectively, "Defendants") Motion to Dismiss for Failure to State a Claim ("Motion to Dismiss") (D.I. 18) be denied, "without prejudice to Defendants' ability to later renew a Section 101 challenge in the form of a summary judgment motion" (D.I. 60 at 53);

WHEREAS, on March 4, 2016, Defendants objected to the Report ("Objections") (D.I. 66), and specifically objected to (1) the Report's conclusion that Defendants have failed to show that claim 1 of each of U.S. Patent Nos. 7,631,346 ("'346 patent") and 5,961,601 ("'601 patent") are directed to patent-ineligible abstract ideas under Step 1 of the test for patent eligibility prescribed in *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014) and *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 132 S. Ct. 1289 (2012) ("*Alice* test"); and (2) the

1

Report's conclusion that Defendants have failed to show that claim 1 of each of the '346 and '601 patents as well as claim 1 of the other patents-in-suit – U.S. Patent Nos. 5,796,967 ("'967 patent") and 7,072,849 ("'849 patent") (collectively, "Asserted Patents") – are patent-ineligible as failing to recite any inventive concepts sufficient to make the claims patent-eligible under Step 2 of the *Alice* test;

WHEREAS, on March 21, 2016, Plaintiff International Business Machines Corporation ("Plaintiff") responded to the Objections ("Response") (D.I. 72), arguing that the Report correctly analyzed the representative claims[1] under Steps 1 and 2 of the *Alice* test;

WHEREAS, the Court has considered Defendants' Motion to Dismiss *de novo*, as it presents case-dispositive issues, *see* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3), and has further reviewed all of the pertinent filings;

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Defendants' Objections (D.I. 66) are OVERRULED and Judge Burke's Report (D.I. 60) is ADOPTED in all respects. Defendants' Motion to Dismiss (D.I. 18) is DENIED WITHOUT PREJUDICE to renew in the form of a summary judgment motion.

---

[1]Regarding representativeness of the claims, the Report states: "The Court will focus its discussion on the claims of the patents that received the lion's share of attention by the parties. Below, the Court concludes that at this stage, Defendants have not met their burden of demonstrating the patent-ineligibility of each of these assertedly representative claims. Thus, it is not necessary at this time for the Court to expend additional resources assessing the remaining claims of the Asserted Patents." (Report at 8 n.3) Defendants appear to agree that claim 1 in each of the Asserted Patents is representative. (*See* Objections at 1) Plaintiff does not dispute the representativeness of claim 1 of each of the Asserted Patents. (*See generally* Response) Nonetheless, depending on how disputed claim terms are construed and what comes out in discovery (which may have implications relating to, for example, issues of preemption and inventiveness), both sides will be permitted to reevaluate their position on representative claims should the § 101 issue be raised again later in this case.

2. The Court agrees with the Report that there are issues of claim construction that must be briefed and resolved before Defendants should be permitted to file a renewed motion under 35 U.S.C. § 101. (*See, e.g.*, Report at 39-40) In reaching the conclusions he did, Judge Burke at various points assumed certain potential constructions, which, as he explained, may or may not ultimately be adopted by the Court as the correct constructions to apply. The Court further agrees with the Report that, although patent eligibility is a question of law, there may be subsidiary factual disputes here (e.g., relating to preemption and inventiveness) which may need to be resolved before the § 101 issues can be finally determined. If so, such a resolution must await the completion of pertinent discovery. Thus, any summary judgment motion raising a § 101 challenge in this case shall be filed in accordance with the requirements for dispositive motions set forth in the Scheduling Order (D.I. 65), including, in particular, paragraph 18 of the Scheduling Order (prescribing timing and pages limits for dispositive motions).

3. Given the detailed reasoning provided in the Report, and given that Defendants have not raised any arguments that are not adequately addressed in the Report, the Court finds it unnecessary to address Defendants' Motion to Dismiss (D.I. 18) or Defendants' Objections (D.I. 66) any further.

March 30, 2016
Wilmington, Delaware

HON. LEONARD P. STARK
UNITED STATES DISTRICT JUDGE