

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000
**www.potteranderson.com**

**Bindu A. Palapura**
Attorney at Law
bpalapura@potteranderson.com
302 984-6092  Direct Phone
302 658-1192  Fax

June 15, 2016

<u>VIA ELECTRONIC-FILING</u>

The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3556

      Re:    *International Business Machines Corporation v. The Priceline Group Inc., et al.*,
             C.A. No. 15-137-LPS

Dear Chief Judge Stark:

      Pursuant to the February 25, 2016, Scheduling Order (D.I. 65), Plaintiff International Business Machines Corporation ("IBM") and Defendants The Priceline Group Inc. ("Priceline Group"), KAYAK Software Corporation ("KAYAK"), OpenTable, Inc. ("OpenTable"), and priceline.com LLC ("priceline.com") (collectively, "Defendants") submit the following report on the status of discovery and certain other issues in the above-captioned litigation.

1. <u>Procedural Status</u>

      On February 9, 2015, IBM commenced this patent infringement action against Defendants. (D.I. 1). On May 4, 2015, Defendants moved to dismiss IBM's complaint.  (D.I. 18-19). On July 2, 2015, Defendants moved to stay the case pending resolution of their Motion to Dismiss. (D.I. 30-31). On August 18, 2015, the Court granted-in-part Defendants' Motion to Stay and put in place a limited schedule, whereby the parties served initial disclosures. (D.I. 43). The other case deadlines were stayed until resolution of the Motion to Dismiss. On February 16, 2016, Magistrate Judge Burke recommended that Defendants' Motion to Dismiss be denied without prejudice. (D.I. 60). On February 25, 2016, the Court entered a Scheduling Order and the case emerged from the stay. (D.I. 65). On March 30, 2016, the Court adopted Judge Burke's Report and Recommendation in all respects. (D.I. 73). Since the Court entered its Scheduling Order, the parties have been engaging in fact discovery, which, under the current schedule, closes August 26, 2016. On May 23, 2016, IBM filed a motion to dismiss for failure to state a claim directed to Defendants' counterclaims and affirmative defenses of inequitable conduct. (D.I. 88). Defendants' response to the motion has been extended until June 16, 2016 so as to allow Defendants time to amend their answer and counterclaim. (D.I. 95). The process of exchanging proposed claim terms for construction is scheduled to begin on June 20, 2016. A *Markman* hearing is scheduled for August 29, 2016.

The Honorable Leonard P. Stark
June 15, 2016
Page 2

2. <u>IPR and CBM Petitions</u>

Defendants have filed IPR and CBM Petitions challenging all asserted claims of all patents-in-suit.[1] Institution decisions on the IPRs and CBMs are expected in mid-August and mid-November, respectively.

The Court's schedule establishes a briefing schedule on a motion to stay in the event that the PTAB institutes some or all of the petitions. The Court's schedule sets Defendants' opening brief due on July 1, 2016, with answering and reply briefs to follow on July 22, 2016, and August 5, 2016, respectively.

3. <u>Related Cases</u>

On March 2, 2016, IBM filed a complaint in this Court against Groupon, Inc. for infringement of the same four patents that IBM asserts against Defendants. *See IBM v Groupon, Inc.*, Civ. No. 16-122-LPS. IBM has identical counsel in both suits. The Groupon case was originally assigned to Judge Robinson but was subsequently reassigned to Your Honor based upon IBM's March 9, 2016, request. (D.I. 5 in Civ. No. 16-122-LPS). IBM served Groupon with the complaint on May 26, 2016. The parties to that case have agreed to extend Groupon's deadline to file a responsive pleading to July 25, 2016.

4. <u>Status of Fact Discovery</u>

The parties have exchanged initial discovery requests and document productions. Neither party has taken any depositions, although IBM recently served its first notice of deposition on priceline.com. Both IBM and Defendants have made document productions, including ESI from non-custodial data sources, and continue to supplement their productions.

*IBM's Position On Fact Discovery Disputes*

IBM has identified several deficiencies in Defendants' document productions. For example, Defendants' productions largely consist of unintelligible computer files devoid of any context that would explain their relevance to the issues in the case. The parties have met and conferred on several of the issues that IBM identified. As a result of those discussions, Defendants have agreed to (1) make source code available for the Accused Instrumentalities by June 22, 2016,[2]

---

[1] On February 10, 2016, Defendants filed IPR Petitions challenging all of the asserted claims of the '601 and '346 Patents. On May 12, 2016, IBM filed its preliminary responses. On May 17, 2016, Defendants filed CBM Petitions challenging all of the asserted claims of the '967 and '849 Patents. IBM's preliminary responses are currently due in late August. However, Defendants have recently requested the PTAB's permission to refile two of the petitions to comply with the word limit requirement, which will likely result in additional time for IBM to files its preliminary responses and for the PTAB to issue its institution decisions.

[2] IBM first inquired into the availability of Defendants' source code in February 2016. During subsequent meet and confers, Defendants informed IBM that their source code was not yet available for review. On June 10, 2016, Defendants notified IBM that KAYAK's source code

and (2) produce ESI resulting from a search run using new search terms on the data sources identified in priceline.com's and OpenTable's ESI disclosures by June 30, 2016. The parties continue to meet and confer regarding the remaining issues that IBM identified, which include (1) Defendants' failure to produce HTML files that govern the functionality of their Accused Instrumentalities, and (2) Defendants' identification of data sources likely to contain material responsive to IBM's Requests for Production. The parties hope to resolve the foregoing issues without the Court's assistance.

With respect to IBM's document production and discovery responses, IBM has addressed any alleged deficiencies that Defendants purport to have identified. Although Defendants contend in this letter that they are still reviewing IBM's supplemental production and responses for any potential further issues, Defendants have not identified any additional alleged deficiencies in IBM's document production and raised concerns with IBM's supplemental interrogatory responses only yesterday.

*Defendants' Position on Fact Discovery Disputes*

Defendants are reluctant to utilize this joint status report as a forum to give the Court the parties' position on ongoing discovery disputes that are at varying stages of discussions and resolution. Defendants can report that the parties have engaged in written discovery and document production. Neither is complete and both IBM and Defendants have concerns about the completeness and sufficiency of the other's responses. All parties also continue to attempt to resolve the disputes without the need for court intervention. However, given that IBM has included argumentative statements regarding discovery issues in its position statement, Defendants feel compelled to provide a short response to the issues raised above.

(1) Source Code

Defendants have always been willing to make source code available. Defendant KAYAK's source code is presently available for inspection at the office of Defendants' local counsel in Delaware. Defendants Priceline.com and OpenTable expect to make their source code available by June 22, 2016. Contrary to IBM's representation, the parties have not met and conferred regarding dates for source code production because there has been no dispute. Indeed, IBM only on Friday of last week made a request for source code inspection in the form set forth and required by the Protective Order entered by the Court in this case. IBM attempts to paint a dispute where none exists.

(2) HTML Documents

Defendants have informed IBM repeatedly and in formal discovery responses that pre-generated HTML, other than that publically available on the websites, is not stored or maintained by Defendants. Defendants' websites are comprised of a number of components which generate HTML "on-the-fly" upon being presented with a user request. They are not a collection of static

---

would be available for inspection at Defendants' local counsel's office in Delaware. In compliance with the Protective Order's notice requirements, IBM promptly notified Defendants of its intent to inspect KAYAK's source code.

pre-generated HTML pages, as was typical in older websites. Accordingly, IBM misstates the facts when it asserts Defendants have refused to produce HTML. Defendants cannot produce that which does not exist.

(3) ESI Searches

The Defendants have collectively produced over 100,000 documents to date, including complete productions of technical repositories (known as "wikis") maintained by Defendants KAYAK and OpenTable.[3] In addition to producing these wikis, core technical documents, and documents collected from individual custodians, Defendants each ran a case specific 26 term search across their non-custodial repositories and produced resulting documents deemed responsive.[4] After IBM refused for several weeks to provide an ESI Order compliant proposal for a second search of the Priceline.com and OpenTable repositories, the parties on June 3 agreed on search phrases for second searches with Defendants agreeing to run search terms far in excess of the limits set forth in the Court's ESI Order. Defendants OpenTable and Priceline expect to produce their search result documents by June 30, 2016.

(4) Identification of Additional Data Sources

The issues regarding a request to search additional repositories were just raised in a letter dated two days before Defendants received a draft of this Joint Status Letter. Defendants are working diligently to analyze and respond to IBM's requests.

5. Current Schedule

*Plaintiff's Position on Current Schedule*

IBM believes the parties should proceed with the Court's current schedule. This case has been pending for over 16 months and has already been stayed pending resolution of Defendants' motion to dismiss. To the extent the schedule is condensed, that is of Defendants' own making. (D.I. 18-19, 30-31). Defendants dragged their feet when fact discovery resumed after the stay was lifted, waiting until last week to first provide dates by which source code for each Defendant would be available for review and inspection. Defendants also waited until last week to agree to run a revised set of search terms on their ESI, after their first set of search terms—which they ran without first consulting with IBM in accordance with the Court's Order Regarding e-Discovery to arrive at a set of search terms mutually agreeable to all parties—yielded only 104 documents from priceline.com, 49 documents from OpenTable, and 4 documents from KAYAK. Defendants have not served any third party subpoenas or noticed any depositions; IBM is the only party to have noticed any depositions. If Defendants were concerned about the schedule, they had every

---

[3] Priceline does not have a comparable technical repository.

[4] Contrary to IBM's suggestion, the Court's ESI Order does not suggest, much less require, that Defendants consult with IBM regarding search terms. The ESI Order provides for a first search by a party, a disclosure of the search terms used, and an allowance for the opposing party to suggest 10 additional terms for search.

opportunity to advance the case. They have not done so and now look to IBM's case against Groupon, which is in its infancy, as an excuse to introduce more delay.

Furthermore, IBM disagrees that consolidating this case with the litigation against Groupon is necessary or appropriate. It would be inefficient and prejudicial to further delay this case, where Defendants share a parent company and have been working together to obtain the same case schedule, argue the same motions, submit the same challenges to the patents-in-suit, and petition the PTAB for the same post-grant review of the patents-in-suit. IBM has already served its Preliminary Election of Asserted Claims, which are the same for all Defendants. (D.I. 91). Defendants have served their joint Preliminary Election of Asserted Prior Art. (D.I. 100). Consolidating this action with the Groupon litigation would potentially result in multiple sets of asserted claims and prior art when those issues have just recently been streamlined. In addition, the procedural posture of the Groupon litigation would likely introduce yet additional delays. For example, Groupon's responsive pleading is not due for another six weeks. Another stay pending resolution of a motion to dismiss or post-grant review would yet again delay IBM's case against Defendants after it has been pending for well over a year and would set a precedent that would discourage plaintiffs from suing multiple accused infringers on the same patents for fear of having to recommence their cases each time they file a complaint.

IBM reserves its right to involve the Court should Defendants fail to remedy the deficiencies in their productions or engage in further delay that would prejudice IBM's ability to prepare its case and proceed with depositions. IBM believes that the deadlines set forth in the Court's Scheduling Order should remain in place but has become increasingly concerned that Defendants' continued delay will make it difficult to meet the August 26, 2016, deadline to complete fact discovery. In particular, the deficiencies that IBM has identified in Defendants' document productions have prejudiced IBM's ability to review technical documents and source code to identify relevant witnesses and proceed with email discovery and fact depositions. Should an extension become necessary because of Defendants' delay, such extension should be limited to no more than thirty days.

*Defendants' Position on Current Schedule*

Defendants believe the current fact discovery cut-off deadline is not feasible given the amount of work that remains to be done. While the case has been on file for 16 months, it was stayed for nearly 7 of those months. As noted above, the parties have not begun depositions (with the only noticed deposition notice served very recently and limited to topics of document production) and document production is ongoing. There are currently 71 calendar days until the close of fact discovery. In that time the parties need to depose all corporate representatives, all Rule 30(b)(1) disclosed witnesses, the inventors, and third parties. None of these depositions have been discussed, much less scheduled.

Further, IBM produced the bulk of its documents, over 70,000 pages, on the evening of the substantial completion deadline set by the Court. That volume of production on the last possible day represented over seven times the total number of pages IBM had previously produced (with the bulk of the prior pages coming in the form of patent file histories). Until Defendants have had a sufficient opportunity to review these documents, Defendants cannot identify deficiencies, seek any necessary supplemental production, and/or properly prepare for the necessary depositions.

The Honorable Leonard P. Stark
June 15, 2016
Page 6

Before this document production, Defendants had identified several deficiencies in IBM's document production and it is not clear that this production addresses or remedies those deficiencies. It is also likely that additional documents will follow given that both sides have continued to supplement their production and produce documents.

In addition, Defendants' fact discovery efforts have been hampered by deficiencies in IBM's interrogatory responses. Defendants identified and subsequently met and conferred with IBM on several occasions regarding those deficiencies and IBM only recently, on June 6, 2016, served supplemental responses. Defendants have identified continuing deficiencies in those responses, as outlined in a letter delivered June 14, 2016. Further, additional issues, including the lack of disclosure regarding IBM's doctrine of equivalents and indirect infringement theories, were not addressed by those responses and remain outstanding.

Finally, the new related case IBM has filed against Groupon concerns the same patents and similar issues. Defendants believe that significant efficiencies would be gained in coordinating discovery, claim construction, and invalidity-related proceedings among Groupon and the Defendants. Accomplishing this will require some modification of the present schedule to give the *Groupon* case time to "catch up." As such, Defendants believe that the cases should be consolidated for pretrial purposes, and a modification of the scheduling order be entered.

6. Separate Trials for Various Defendants

*Plaintiff's Position on Separate Trials*

IBM believes that the Court need not decide whether to schedule separate trials at this stage of the litigation. Fact discovery is in its beginning stages, and the parties will spend the next six months engaging in fact and expert discovery to fully develop their theories and streamline the issues for trial. The pretrial conference is a more appropriate opportunity for the parties to discuss the issue of separate trials.

Moreover, separate trials are not required in this case at least because IBM has asserted a right to relief against Defendants jointly and questions of fact common to all Defendants exist or will arise in this action. 35 U.S.C. § 299; D.I. 1 at 12-13.[5] For example, Defendants challenged the patents-in-suit collectively by filing a motion to dismiss (D.I. 18, 19) and jointly participated in the scheduling conference. Defendants also jointly petitioned for post-grant review of all four patents-in-suit and have mounted a coordinated invalidity defense by jointly serving their preliminary and supplemental invalidity contentions and their election of prior art theories. (D.I. 100). Defendants have worked together from the start of this case and, tellingly, none of the Defendants have moved to sever the case. Separate trials simply would not be an efficient use of judicial or party resources.

---

[5] Defendants priceline.com LLC, KAYAK, and OpenTable share the same parent company, The Priceline Group, Inc. Defendants also share the same counsel in both the District Court litigation and the post-grant review proceedings.

*Defendants' Position on Separate Trials*

Defendants priceline.com, KAYAK, and OpenTable are three distinct companies with distinct websites, mobile applications, and engineering and leadership teams. IBM makes separate claims of infringement against each entity and their websites. The infringement and damage analysis required will be different for each such defendant. Under these circumstances, 35 U.S.C. § 299 entitles each of these individual defendants to individual trials. This can be accomplished by a formal severance or via a case management directive.

It would be impractical, inefficient, and prejudicial for any single trial on the merits to address each defendant and the issues unique to each. Accordingly, individual trials makes sense in addition to being compelled by 35 U.S.C. § 299. Common pretrial issues, such as claim construction proceedings and summary judgment, can and should continue to proceed together, and in fact could (and should) include Groupon upon consolidation of the cases for pretrial purposes. Indeed, to the extent IBM asserts separate trials are inefficient, the same is certainly true for conducting separate pretrial proceedings in *Groupon*, a case which is being litigated in the same Court, by the same counsel, on the same four patents, against similar e-commerce instrumentalities (including a website and mobile applications). There is the potential for efficiency to be gained in a common trial on invalidity (and unenforceability), and Defendants are willing to explore this.

The Parties are available for a conference (in person or via telephone) to address any questions or concerns the Court may have regarding the issues outlined above.

Respectfully,

*/s/ Bindu A. Palapura*

Bindu A. Palapura (#5370)

BAP/msb/1226563/42141
Enclosures

cc: Clerk of the Court (via hand delivery)
Counsel of Record (via electronic mail)