

Francis DiGiovanni
302-467-4266 Direct
Francis.DiGiovanni@dbr.com

September 19, 2016

Magistrate Judge Christopher J. Burke
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801

Re:   *International Business Machines Corporation v. The Priceline Group Inc., et al.*, Civ. No. 15-137-LPS; Opening Letter Regarding Discovery Disputes

Dear Judge Burke:

Defendants submit this opening letter in support of their positions on the discovery issues for which it seeks relief as set forth in the parties' joint letter (D.I. 172), the Court's Oral Order dated September 15, 2016, and the Joint Discovery Motion (D.I. 150).

**1.   IBM's Refusal to Produce Materials from Prior Related Litigations and Other Efforts to Assert the Patents-in-Suit**

Defendants seek to compel IBM to produce documents related to prior enforcement of the patents-in-suit, which are responsive to Defendants' RFPs Nos. 2, 3, 9, 27, and 33 (**Ex. A**), including documents from prior lawsuits (*e.g., IBM v. Amazon*, 06-cv-242 (E.D. Tex.)), and including all assertion-related correspondence and analyses (such as infringement contentions).[1]

IBM represented to this Court over two months ago, during a July 7, 2016, telephonic hearing on Defendants' motion for schedule modification, that its 70,000 page production on the eve of the substantial completion deadline represented it meeting its "target" for substantial completion. *See* D.I. 141-1 (7/8/16 Tr. at 24:4-17). Despite this representation, on August 1, 2016, IBM produced more than 250,000 additional pages of documents from a previous litigation involving some of the patents-in-suit. But even then, IBM's production of documents from prior assertion efforts is not complete. IBM has yet to produce infringement contentions from the previous litigation and several documents concerning other third parties who IBM has asserted infringement of the patents-in-suit have not been turned over. Given that Defendants first requested these documents on April 1, and fact discovery is set to close October 25, Court intervention is necessary to resolve this long-standing dispute.

Where prior litigation involves the asserted patents, or even "tangentially related [] technology" with a "technological nexus" to the asserted patents, the prior litigation is relevant and thus the litigation materials are discoverable. *Inventio AG v. ThyssenKrupp Elevator Americas Corp.,* 662 F. Supp. 2d 375, 381-82 (D. Del. 2009); *see also Apple Inc. v. Samsung Elecs. Co.,* 2012 WL 2862613, at *2 (N.D. Cal. July 11, 2012) (same); *Tessera, Inc. v. Sony Elecs., Inc.,* C.A. 10-838-RMB-KMW (D.N.J. Aug. 8, 2012) (ordering production of prior litigation documents of patent licensing company). Such is the case here.

The requested information is relevant to a variety of issues—including infringement, validity, and damages—and may contain statements against IBM's interest. IBM has not, and

---

[1] IBM's responses to these RFPs agree to "produce relevant, nonobjectionable, non-privileged documents responsive to this request, to the extent such documents exist," subject to general boilerplate objections. *See* **Ex. A**. However, IBM's production is inexplicably deficient.

The Hon. Christopher J. Burke
United States District Court for the District of Delaware
Page 2

cannot, provide any particularized argument that the documents requested are not relevant. Moreover, such information is not protected from discovery. *See In re MSTG, Inc.,* 675 F.3d 1337, 1344-48 (Fed. Cir. 2012) (ruling as a matter of Federal Circuit law that no settlement privilege exists to shield from discovery settlement negotiations). Of course, the full extent of the relevance of the materials cannot be ascertained without viewing the documents. IBM may produce such documents as confidential under the Protective Order in this case, thus ensuring the protection of any third party confidential information. Accordingly, Defendants respectfully request that the Court order production of documents related to prior enforcement of the patents-in-suit, which are responsive to Defendants' RFPs Nos. 2, 3, 9, 27, and 33.

**2.     Plaintiffs' Refusal to Provide Rule 30(b)(6) Corporate Witnesses**

Defendants seek to compel Plaintiff to provide a witness (or witnesses) to testify on certain topics set forth in Defendants' First and Second Notices of Deposition Pursuant to 30(b)(6) (**Exs. B, C**). IBM's refusal to designate witnesses for these topics is improper and threatens to interrupt the compact and soon-to-end discovery schedule. Despite Defendants' service of its two Rule 30(b)(6) deposition notices, which set forth detailed deposition topics, IBM (a) has provided very few deposition dates and witness names, and (b) served broad objections, including objections to providing a witness on a number of relevant topics that are appropriate for a Rule 30(b)(6) deposition. IBM's "Objections and Responses" to Defendants' First and Second Notices of Deposition Pursuant to 30(b)(6) are attached as **Exs. D, E**.

With fact discovery ending soon (October 25th), IBM's failure to cooperate with regard to its Rule 30(b)(6) witnesses looms as a major obstacle to meeting the deadlines in the case scheduling order. IBM's objections to Defendants' Rule 30(b)(6) topics indicate that IBM improperly failed to agree to provide a corporate witnesses for at least the following topics:

(a) the preparation and prosecution of the patents-in-suit (*see* **Ex. B**, Topic 2 ["B.2"]);
(b) the objective evidence of non-obviousness relating to the Patents-in-suit (B.24);
(c) the facts relating to the determination of the payment amounts in all licenses to the Patents-in-Suit (B.7);
(d) IBM's valuations and financial analyses of the patents-in-suit, licensed products, accused products or services, or Defendants' businesses or patent portfolios (C.10);
(e) the identity, number, value, marketing, and commercialization of licensed products/ services or IBM's products/services covered by a claim of the patents-in-suit (C.11);
(f) IBM's damages positions in other lawsuits pertaining to the patents-in-suit (C.13);
(g) facts pertaining to IBM's claim for damages (C.18, 19, 20, 25)[2]; and
(h) identification of licensed products (Topic C.28 [which references KAYAK's Interrogatory 2 (**Ex. F**)]).

These topics set forth categories of information relevant to the asserted claims of patent infringement and/or Defendants' asserted defenses, and thus IBM should be compelled to immediately produce a Rule 30(b)(6) corporate witness on each of the topics.

---

[2] For these damages-related topics, IBM's refusal to respond to Defendants' Interrogatory No. 2 (*see* Section 3 herein) have necessitated the deposition topics and heighten their importance.

86533724.2
213526/524855

The Hon. Christopher J. Burke
United States District Court for the District of Delaware
Page 3

3.  **Plaintiffs' Refusal to Answer Defendants' Basic Damages Interrogatory**

Defendants seek to compel Plaintiff to provide information regarding its damages contentions in response to Defendants' Common Interrogatory No. 2 (**Ex. G**). The Interrogatory seeks IBM's contentions, as to each defendant, "regarding the amount of damages that IBM is entitled to recover, including any lump sum royalty, the reasonable royalty rate corresponding to such damages, the royalty base to which the reasonable royalty should be applied, and Your method(s) of computation, and identify all facts supporting, refuting, or rebutting such contentions . . . ." *Id*. IBM provided no substantive response to the Interrogatory, instead it parroted back the damages provision of the Patent Statute (35 U.S.C. § 284) and stated that it would provide the damages information "during the course of expert discovery." **Ex. G**.

IBM's refusal to provide its basic damages contentions at this stage of the case is inconsistent with the Federal Rules of Civil Procedure, contravenes the practice of this Court and other federal courts, and materially prejudices Defendants. The Federal Rules contemplate an early disclosure of damages assertions. *See* Fed. R. Civ. P. 26(a)(1)(A)(iii) (requiring "a computation of each category of damages claimed by the disclosing party" and supporting materials as part of initial disclosures). The purpose of requiring early disclosure of this information is "to accelerate the exchange of basic information about the case" and "to reduce the time and expense of civil litigation." Advisory Comm. Notes to Rule 26 (1993 Amendment).

This Court requires patent plaintiffs to disclose their damages contentions prior to expert reports. In *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, No. 04-1371-JJF, 2005 WL 8136574 (D. Del. Oct. 11, 2005), the defendant served interrogatories seeking "the basis for [plaintiff's] damages contentions, including its market share, lost profitability and reasonable royalty analysis." *Id*. at *1. The plaintiff objected, "contend[]ing that the information sought by these Interrogatories is appropriately provided to the parties through their expert reports." *Id*. The Court granted defendant's motion to compel, stating that "[a]s for the Interrogatories which [plaintiff] contends are the subject of expert reports, the Court concludes that [plaintiff] must supply at least some narrative responses, with the understanding that those responses will be updated by expert reports." Other courts similarly require the disclosure of damages contentions prior to the expert phase of a case. For example, in *THX, Ltd. v. Apple, Inc.*, No. 13-CV-01161-HSG-DMR, 2016 WL 2899506, at *7 (N.D. Cal. May 13, 2016), the court explained that patent plaintiffs have been ordered "to provide the factual bases for their damages claim through initial disclosures and written discovery, over protestations that responsive information will be forthcoming through expert reports." *Id*. at *7 (citing cases). The court explained that patent plaintiffs must "provide, among other things, the amount of damages sought under each of its asserted patent damages theories and to apportion damages between each asserted patent." *Id*. Additional information that must be provided includes "royalty rate, royalty base, the reasonable royalty for each accused product, the royalties that it and/or its predecessors in interest had already received for licensing its own patents in suit, and some of the licenses it contended were comparable." *Id*. at *8.

Here, IBM has provided *no information* about its damages claim, despite the case having been filed more than 18 months ago and Defendants having provided IBM abundant financial information. Defendants are thus operating blindly in terms of trial preparation for damages, including discovery related to damages and preparation for expert discovery on damages.

The Hon. Christopher J. Burke
United States District Court for the District of Delaware
Page 4

Defendants thus demand that IBM be compelled to immediately provide a full response to Interrogatory No. 2, including IBM's contentions, as to each defendant, pertaining to damages theory, royalty base, royalty rate, licenses or other materials upon which is bases its contentions, and relationship of each patent-in-suit to the damages claim.

### 4. Plaintiffs' Refusal to Provide Asserted Conception Dates of the Asserted Claims

Defendants seek to compel Plaintiff to provide conception and reduction to practice dates for the asserted claims on a claim-by-claim basis in response to The Priceline Group Inc.'s Interrogatory No. 2 (**Ex. H**). In its deficient response, IBM has merely provided—on a patent-by-patent basis—conception dates "*on or around*" certain months and years and provided—on a patent-by-patent basis—dates when the inventions were "reduced to practice *no later than*" certain dates. *Id.* (emphasis added). IBM thus refuses to provide *specific dates* on a *claim-by-claim basis* as requested by Defendants, objecting on the ground that it is "premature" and Defendants have "not identified prior art that put the conception and reduction to practice dates at issue." *Id.* IBM is wrong and should be ordered to provide specific dates of conception and reduction to practice of each asserted claim in this case.

Conception and reduction to practice dates are relevant to a party's defenses because they relate to the priority date, which the defendant must beat to show that the claims are invalid over the prior art. *See, e.g., Lamoureux v. Genesis Pharmacy Servs, Inc.,* 226 F.R.D. 154, 160 (D. Conn. 2004) (granting motion to compel because conception and reduction to practice dates "are incontrovertibly relevant to defenses and counterclaims based upon statutes which turn almost exclusively on such dates"). Such information is thus unquestionably relevant, uniquely in IBM's possession, custody, or control, and courts routinely require patentees to set forth their contention of conception and reduction to practice dates by interrogatory response. *See, e.g., Fresenius Med. Care Holding Inc. v. Baxter Int'l, Inc.,* 224 F.R.D. 644, 650 (N.D. Cal. 2004) (granting motion to compel further responses as to dates of conception and reduction to practice of each asserted patent claim). Because a "claimed invention" means "the subject matter defined by a claim in a patent or an application for a patent," requesting such information on a claim-by-claim basis is both proper and necessary. 35 U.S.C. § 100(j); *see also id.* § 112. Courts reject the argument that a patentee does not have to provide information as to when it conceived and reduced to practice its claimed invention until the accused infringer produced prior art that predated the filing date of the patent. *See, e.g., McKesson Info. Sols. LLC v. Epic Sys. Corp.,* 242 F.R.D. 689 (N.D. Ga. 2007). Finally, courts have routinely found conception date interrogatory response deficient that include such language as "at least as early as," *Luminara Worldwide, LLC v. Liown Elecs. Co.,* 2015 WL 9861106, at *2 (D. Minn. 2015), or merely referenced documents in its response without providing an adequate date, *Boston Sci. Corp. v. Micrus Corp.,* 2007 WL 174475 (N.D. Cal. 2007). *See also Layne Christensen Co. v. Purolite Co.,* 2011 WL 231400, at *2-3 (D. Kan. 2011) (granting motion to compel patentee to provide a complete answer to interrogatory directed to the conception and reduction to practice of the claimed invention).

Accordingly, Defendants respectfully requests that the Court order Plaintiff to provide specific conception and reduction to practice dates for the asserted claims on a claim-by-claim basis in response to The Priceline Group Inc.'s Interrogatory No. 2.

Case 1:15-cv-00187-LPS   Document 187   Filed 09/19/16   Page 5 of 5 PageID #: 6557

The Hon. Christopher J. Burke
United States District Court for the District of Delaware
Page 5

                              Respectfully Submitted,

                              Francis DiGiovanni

FD/cr
Enclosure

cc:    Clerk of the Court (via ECF)
       All Counsel of Record (via ECF)

Case 1:15-cv-00187-LPS   Document 187   Filed 09/19/16   Page 5 of 5 PageID #: 6557

86533724.2
213526/524855