# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 1:15-cv-00137-LPS-CJB |
| THE PRICELINE GROUP INC., KAYAK SOFTWARE CORPORATION, OPENTABLE, INC., AND PRICELINE.COM LLC, | § § § § § | |
| Defendants. | § § | |

## DEFENDANTS' SECOND NOTICE OF RULE 30(b)(6) DEPOSITION TO IBM

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendants The Priceline Group Inc., priceline.com LLC, KAYAK Software Corporation, and OpenTable, Inc. ("Defendants") will take the deposition upon oral examination of Plaintiff International Business Machines Corporation ("IBM") of one or more of IBM's officers, directors, managing agents, or other persons who have knowledge and consent to testify on IBM's behalf concerning the matters on which examination is requested, set forth below. The deposition will commence on October 6, 2016, at 9:30 a.m., at the offices of Norton Rose Fulbright US LLP, 1301 Avenue of the Americas, New York, New York 10019, or at such other place as agreed to by the parties. The deposition will be taken before a court reporter or other person authorized to administer oaths, will be conducted in accordance with the Federal Rules of Civil Procedure and the orders of the Court, and will be recorded by stenographic, audio, audiovisual, video and/or real-time computer means.  The deposition will be taken for the purposes of discovery, for use at trial or any hearing in this matter, and for any other purpose

36267549.6

- 1 -

permitted under the Federal Rules of Civil Procedure.  It is requested that, at least seven business days prior to the deposition,  IBM provide in writing to Defendants the name(s) and employment positions(s) of the person(s) who will testify on IBM's behalf concerning the matters set forth below.  For each witness designation, IBM is requested to specify in writing, the topic(s) (by number) as to which each witness will testify for IBM.

## I.

### DEFINITIONS AND INSTRUCTIONS

1.      "IBM," "You," "Your," or "Plaintiff" mean and include International Business Machines Corp. and all related entities, parents, subsidiaries or divisions, and any predecessor or successor entities and any of its officers, directors, agents, attorneys, consultants, accountants, employees, representatives, and any other persons acting, or purporting to act for or on their behalf, and any such Persons that are or become party to this action.

2.      "Defendants" or "Defendant" means or includes any of the defendants in this proceeding; The Priceline Group Inc., KAYAK Software Corporation, OpenTable, Inc., and/or priceline.com LLC.

3.      "Patents-in-Suit," "'967 patent," "'849 patent," "'601 patent," and "'346 patent" have the same scope and meaning as in Plaintiff's Original Complaint.

4.      "Document" has the same scope and meaning as provided in Rule 34(a).  Non-identical copies are considered separate documents.

5.      "Accused Products" means and includes the products, services, and methods of any Defendant identified in IBM's Preliminary Infringement Contentions, served October 16, 2015, and any subsequent amendment or supplement thereto.

6.      "Litigation" means *International Business Machines Corp. v. The Priceline Group et. al*, 15-cv-137 (D. Del).

36267549.6

7.      "Licensed Patent(s)" means and includes any patent or patent application throughout the world that has been owned, assigned, and/or licensed by or to IBM, including but not limited to, any patent or patent application related to an Information Handling System ("IHS"), as that term is used and described in various agreements involving IBM.  This includes, but is not limited to, "Enumerated Patents," *i.e.*, patents or patent applications specifically identified by patent number and/or patent application number in IBM's license agreements.

8.      "Patent License(s)" means and includes any agreement concerning a Licensed Patent, including purchase, sale, license, assignment, lien, and/or settlement agreements involving IBM, as well as any agreement concerning a Patent-in-Suit.

9.      "IHS Product(s)" has the same scope and meaning as used and described in any Patent License involving IBM.

10.     "IBM Licensed Product(s)" has the same scope and meaning as used and described in any Patent License involving IBM.

11.     All other terms, unless specifically defined, are to be given their ordinary meaning, except that any legal terms of art are to be given the meaning as understood in the field of law.

## II.

## <u>TOPICS OF EXAMINATION</u>

1.      All facts and circumstances concerning IBM's Patent Licenses involving any Patents-in-Suit, technology comparable to the subject matter of the Patents-in-Suit, IHS Products, and IBM Licensed Products, including the identity of licensees, the amount paid, the computation of royalty, and all other terms and conditions of each Patent License.

2.      All facts and circumstances concerning offers or inquiries related to a Patent License for any Patents-in-Suit or for a patent that is technologically comparable to any Patents-in-Suit, whether or not resulting in a Patent License, including related proposals, royalty analysis, valuations or other financial/economic analyses of Licensed Patents, negotiations, and communications.

3.      IBM's patent licensing policies, practices, and procedures for the Patents-in-Suit, technology comparable thereto, IHS Products, and IBM Licensed Products.

36267549.6

4.      IBM's knowledge of patent licensing terms and royalty rates used in the industries or markets for the technology claimed in the Patents-in-Suit.

5.      All facts and circumstances relevant to selecting the Enumerated Patents of each Patent License that involves a Patent-in-Suit.

6.      All facts and circumstances concerning the relative value of any patent or group of patents covered by an IBM Patent License involving any Patents-in-Suit.

7.      All facts and circumstances relevant to determining the payment amount in each Patent License for any Patents-in-Suit.

8.      All facts and circumstances relevant to IBM's identification of potential licensees, including Defendants, for a Patent License to any Patents-in-Suit.

9.      All facts and circumstances, included the detailed factual bases, for referencing, including, or excluding any royalty premium, royalty discount, or royalty-free license in any IBM Patent License involving any Patents-in-Suit.

10.     IBM's valuations or other financial/economic analyses of the Patents-in-Suit, IHS Products, IBM Licensed Products, any Accused Product, Defendants' businesses or patent portfolios, and any technology comparable to the technology claimed in the Patents-in-Suit.

11.     The identity, number, value, marketing, and commercialization of IHS Products or any IBM product or process covered by a claim of any Patents-in-Suit.

12.     Products and processes that IBM has identified in any demand letter, cease and desist letter, notice letter, or other correspondence with a third party concerning a license to or alleged infringement of any Patents-in-Suit.

13.     The factual bases for any damages-related pleading, contention, discovery response, and fact or expert testimony provided by or for IBM in other lawsuits concerning the Patents-in-Suit.

14.     IBM's revenue, plans to generate revenue, and costs associated with the Patents-in-Suit and any product or process covered by any claim of the Patents-in-Suit.

15.     Products or processes comparable to the technology claimed in the Patents-in-Suit.

16.     All facts concerning any and all acceptable non-infringing alternatives to technology claimed in the Patents-in-Suit, including the identity of and cost to implement such alternatives.

17.     IBM's pre-suit investigation, including but not limited to, the date IBM became aware of each Defendants' Accused Products and all pre-suit communications with Defendants.

36267549.6

18.    The detailed factual bases for IBM's claim for damages from each Defendant, including the type and amount of damages sought.

19.    All facts relevant to a reasonable royalty for each Patent-in-Suit.

20.    All facts relevant to a hypothetical negotiation of a license to each Patent-in-Suit.

21.    All statements made to IBM's investors or shareholders related to this Litigation, the Patents-in-Suit, or any other litigation involving the Patents-in-Suit.

22.    IBM's analysis of the industry or market for the technology claimed in each Patent-in-Suit, including IBM's market share, market size, market trends, and identity of IBM's competitors.

23.    IBM's knowledge concerning benefits, advantages/disadvantages, consumer demand, popularity, or commercial success of the Accused Products, acceptable non-infringing alternatives to technology claimed in the Patents-in-Suit, and any product or process covered by a claim of any Patents-in-Suit.

24.    The detailed factual bases for any allegation that Defendants' willfully infringed the Patents-in-Suit.

25.    All facts and circumstances concerning IBM's claim for damages, including all facts and circumstances concerning any alleged: (a) lost profits, (b) price cuts, (c) price erosion, (d) new or increased costs, (e) new or increased expenses, or (f) lost sales, as well as any related analysis and methods of computation employed by IBM.

26.    IBM's practices, policies, and procedures for generating, retaining, and destroying documents, communications, or other information related to Patent Licenses and the Patents-in-Suit.

27.    IBM's patent tier structure and its relevance, if any, to royalty analysis (*see, e.g.*, IBM-PCLN10081465-81496), including any facts concerning the relative value that IBM places on the patents in each tier in licensing.

28.    The factual bases for IBM's responses to Defendants' Common Interrogatories Nos. 1-5, KAYAK Software Corporation's First Set of Interrogatories Nos. 1-2, and OpenTable, Inc.'s First Set of Interrogatories Nos. 1-2.

September 1, 2016

/s/ *Francis DiGiovanni*
Francis DiGiovanni (#3189)
Thatcher A. Rahmeier (#5222)
DRINKER BIDDLE & REATH LLP
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 467-4200
francis.digiovanni@dbr.com
thatcher.rahmeier@dbr.com

Dan D. Davison
NORTON ROSE FULBRIGHT US LLP
2200 Ross Ave., Suite 3600
Dallas, TX 75201
Tel: 214.855.8000
Fax: 214.855.8200
dan.davison@nortonrosefulbright.com

Richard S. Zembek
NORTON ROSE FULBRIGHT US LLP
Fulbright Tower
1301 McKinney, Suite 5100
Houston, TX 77010
Tel: 713.651.5283
Fax: 713.651.5246
richard.zembek@nortonrosefulbright.com

Gilbert A. Greene
Marwan Elrakabawy
NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Boulevard, Suite 1100
Austin, TX 78701
Tel: 512.474.5201
Fax: 512.536.4598
bert.greene@nortonrosefulbright.com
marwan.elrakabawy@nortonrosefulbright.com

*Attorneys for Defendants The Priceline*
*Group Inc., Priceline.com LLC, KAYAK*
*Software Corporation, and OpenTable, Inc.*

36267549.6

## <u>CERTIFICATE OF SERVICE</u>

I certify that on September 1, 2016, I served the foregoing on all counsel of record.


/s/ *Francis DiGiovanni*
Francis DiGiovanni

36267549.6