**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 15-137-LPS |
| THE PRICELINE GROUP INC., KAYAK SOFTWARE CORPORATION, OPENTABLE, INC., and PRICELINE.COM LLC, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER**

At Wilmington this **29th day of September, 2016**.

**WHEREAS**, the Court has considered the parties' letter submissions, (D.I. 189, 194),

relating to Plaintiff International Business Machines Corporation's ("Plaintiff" or "IBM")

requests for relief regarding certain source code issues in connection with the pending discovery-

related motion, (D.I. 180), as well as the parties' arguments made during the September 23, 2016

teleconference with the Court;

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1.      With respect to IBM's request that the Court order that Defendants Kayak

Software Corporation ("Kayak"), OpenTable, Inc. ("OpenTable") and priceline.com LLC

("Priceline") (collectively, "Defendants") supplement their responses to Interrogatory Nos. 8 and

9 to identify documents sufficient to show how the Accused Instrumentalities carry out the

identified functionality, (D.I. 189 at 3-4), the Court GRANTS-IN-PART and DENIES-IN-PART

the request as follows. To the extent that any non-source code documents exist that describe the

functionality in question and have not yet been identified, (*id.* at 3), the Court GRANTS IBM's

request and ORDERS that Defendants shall supplement their responses by no later than **October**

**12, 2016.** In these supplemental responses, Defendants shall describe and identify above-

referenced documents sufficient to show how the referenced functionality works with regard to

the Accused Instrumentalities.

2.      However, to the extent that IBM's request seeks an order requiring Defendants to

"identify[] those portions of the computer source code that implement the functionality in

question[,]" (*id.*), the Court DENIES IBM's request. Defendants have indicated that they have

provided (or will soon provide, in the case of Priceline) "written 'road map[s]' to the relevant

source code repositories [produced,] including a description of the functionality generally

contained within such repositories[.]" (D.I. 194 at 3) Beyond that, Defendants have represented

that "no such log [identifying what portions of the code contribute to the functionality of the web

site] exists and it would be time consuming and burdensome to create." (*Id.*) Therefore,

Defendants represent that armed with the road maps and the source code, "'the burden of

deriving or ascertaining [the requested information] will be substantially the same for either

party'" and therefore Defendants have properly complied with Federal Rule of Civil Procedure

33(d) by referencing the source code in response to these Interrogatories. (*Id.* at 4 (quoting Fed.

R. Civ. P. 33(d))

3.      In similar circumstances, where a plaintiff has access to the source code and the

task of requiring a defendant to sift through its source code to identify accused features would be

unduly burdensome, courts have denied requests like IBM's here. *See Apple Inc. v. Samsung*

*Elecs. Co. Ltd.*, No. 12-CV-0630-LHK (PSG), 2013 WL 1563253, at *1-2 (N.D. Cal. Apr. 12,

2013) (denying Apple's motion to compel a "'complete response'" to its interrogatory requesting

that Samsung "'[i]dentify from the Source Code produced . . . all files that relate to the Accused

Features and functionality of the Accused [] Products'" where "Apple has made allegations

regarding the features of Samsung's products; Samsung has made source code available for

Apple to evaluate how those features operate [and] Samsung has no obligation to search its

source code to extract the portions it thinks Apple thinks infringe"); *CIF Licensing, LLC v. Agere*

*Sys. Inc.*, Civil Action No. 07-170-JJF, 2009 WL 187823, at *1-2 (D. Del. Jan. 23, 2009)

(denying the plaintiff's motion to compel the defendants to provide a detailed answer to

interrogatories designed to "find . . . specific sections of [the defendants'] source code that

perform specific functions claimed in the patents at issue" where the "[p]laintiff already has

adequate access to the information it seeks, if that information exists" and "[d]efendants' and

[p]laintiff's experts would undertake essentially the same process to glean the requested

information from the source code").[1]

    4.      With respect to IBM's request that the Court order that Defendants provide a

---

[1]    IBM has explained that a primary reason for the difficulty it faces in parsing
through Defendants' source code is that the thousands of produced source code files "include
both source code that contributes to the functionality of the Accused Instrumentalities ('live
code') and source code that does not ('dead code')—and Defendants have not identified which is
which." (D.I. 189 at 3)  OpenTable's Federal Rule of Civil Procedure 30(b)(6) deponent, Bryce
Catlin, was questioned during his September 16, 2016 deposition about whether he would be
capable of discerning what portions of the produced source code constitute live code and what
portions constitute dead code. (D.I. 194 at 3 (citing D.I. 195, ex. 2))  Mr. Catlin responded that
while "[i]t would be challenging to do that . . . there are off the shelf tools that you could use to
do that" such as "code coverage tools[,]" (D.I. 195, ex. 2 at 65), which IBM has not yet requested
from Defendants, (D.I. 194 at 3).  To the extent such navigational tools exist that would aid IBM
in its analysis of Defendants' source code in this respect, and IBM requests of Defendants that
such a tool be installed, the Court expects that Defendants will continue to comply with such
requests if reasonable. (*See id.*); *see also Apple,* 2013 WL 1563253, at *2.

witness to testify with respect to Topics 1 and 2 from IBM's Third Notice of Deposition issued to

the three Defendants at issue, pursuant to Federal Rule of Civil Procedure 30(b)(6), (D.I. 189 at

4; D.I. 194 at 4), the Court DENIES the request.  The Court agrees with Defendants that (1) "it

would be unduly burdensome [on Defendants] to prepare corporate witnesses on the topics,

which cover details of the thousands of files made available for review[;]" and (2) because the

"topics are framed to paraphrase claim limitations, [they are] thus . . . de facto contention

deposition categories and more properly the subject of expert testimony[.]"  (D.I. 194 at 4); *see*

*also, e.g.*, *Callwave Commc'ns LLC v. AT&T Mobility LLC*, Civil Action Nos. 12-1701-RGA,

2015 WL 4039813, at *1 (D. Del. June 29, 2015) (denying the plaintiff's request for a court order

requiring the defendant to "present a witness to testify on the structure and function operation of

the [defendant's] source code[,]" agreeing with the defendant that "it would be impossible to

prepare a witness on the millions of lines of source code [defendant] has produced" and "to

compel the 30(b)(6) witness to testify regarding the functionality of a source code would

inappropriately shift the burden of analyzing and interpreting the code to the defendants").[2]

     5.     With respect to IBM's request that the Court order that Defendants make available

source code computers at the depositions of witnesses who testify about source code, (D.I. 189 at

4), the Court DENIES IBM's request in light of Defendants' concerns with respect to the request,

(D.I. 194 at 4), and in the absence of any authority from IBM suggesting that this should

be required.

---

    [2]     Nothing about the Court's decision here prohibits Plaintiff from narrowing Topics 1 and 2 and further meeting and conferring with Defendants' counsel as to whether a deposition could include inquiry as to a narrowed version of the content described in those topics.

Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE