**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION,<br>    Plaintiff,<br><br>v.<br><br>THE PRICELINE GROUP INC., et al.,<br>    Defendants. | §<br>§<br>§<br>§  Civil Action No.  15-cv-00137-LPS<br>§<br>§<br>§  JURY TRIAL DEMANDED<br>§<br>§  ███████████████████████████<br>§<br>§<br>§ |

**DEFENDANTS' OPENING BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT OF LACHES FOR THE '967, '849, AND '601 PATENTS AND
FAILURE TO COMPLY WITH 35 U.S.C. § 287 FOR THE '601 PATENT**

Francis DiGiovanni (#3189)
Thatcher A. Rahmeier (#5222)
DRINKER BIDDLE & REATH LLP
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Tel:  (302) 467-4200
Fax:  (302) 467-4201
francis.digiovanni@dbr.com
thatcher.rahmeier@dbr.com

Dan D. Davison
NORTON ROSE FULBRIGHT US LLP
2200 Ross Ave., Suite 3600
Dallas, TX 75201
Tel: 214.855.8000
Fax: 214.855.8200
dan.davison@nortonrosefulbright.com

Richard S. Zembek
NORTON ROSE FULBRIGHT US LLP
Fulbright Tower
1301 McKinney, Suite 5100
Houston, TX 77010
Tel: 713.651.5283
Fax: 713.651.5246
richard.zembek@nortonrosefulbright.com

Gilbert A. Greene
Marwan Elrakabawy
NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Boulevard, Suite 1100
Austin, TX 78701
Tel: 512.474.5201
Fax: 512.536.4598
bert.greene@nortonrosefulbright.com
marwan.elrakabawy@nortonrosefulbright.com

Dated:  February 13, 2017

*Attorneys for Defendants, The Priceline
Group Inc., Priceline.com LLC, KAYAK
Software Corporation, and OpenTable, Inc.*

# TABLE OF CONTENTS

I. NATURE AND STAGE OF THE PROCEEDINGS ....................................................... 1

II. SUMMARY OF ARGUMENT ..................................................................................... 1

III. SUMMARY OF MATERIAL FACTS........................................................................... 1

    A. The Filepp and '601 Patents Were Practiced Widely as Early as 2000. ................. 1

    B. IBM Enforced and Monetized the Filepp and '601 Patents as Early as 2000............................................................................................................................ 2

    C. IBM specifically investigated Priceline's technology beginning in 2006. ............. 3

IV. IBM'S CLAIMS ARE BARRED BY LACHES ........................................................... 4

    A. Legal Standard for Laches ....................................................................................... 4

    B. Unreasonable Delay and Prejudice Must Be Presumed for All Defendants Because IBM Delayed Over Six Years................................................................... 5

        1. IBM's Decade-Long Delay in Filing Suit Was Unreasonable and Inexcusable because IBM Should Have Known of Its Claim Against Defendants by at least as early as June 2008................................ 5

        2. There Is No Factual Dispute That IBM's Delay Was Unreasonable......... 6

        3. There Is No Factual Dispute That IBM's Unreasonable Delay Prejudiced Defendants ............................................................................... 7

V. CONCLUSION............................................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.C. Aukerman Co. v. R.L. Chaides Const. Co.*,
   960 F.2d 1020 (Fed. Cir. 1992) (*en banc*) ................................................................................4

*Am. Med. Sys., Inc. v. Med. Eng'g Corp.*,
   6 F.3d 1523 (Fed. Cir. 1993) ......................................................................................................8

*Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*,
   679 F. Supp. 2d 512 (D. Del. 2010) ......................................................................................6, 7

*Gart v. Logitech, Inc.*,
   254 F.3d 1334 (Fed. Cir. 2001) ..................................................................................................8

*Maxwell v. J. Baker, Inc.*,
   86 F.3d 1098 (Fed. Cir. 1996) ....................................................................................................8

*SCA Hygiene Prod. Aktiebolag v. First Quality Baby Prod., LLC*,
   807 F.3d 1311 (Fed. Cir. 2015), *cert. granted*, 136 S. Ct. 1824 (2016) ...................................4

*St. Clair Intellectual Prop. Consultants, Inc. v. Acer, Inc.*,
   961 F. Supp. 2d 610 (D. Del. 2013) ...........................................................................................4

*Wanlass v. Gen. Elec. Co.*,
   148 F.3d 1334 (Fed. Cir. 1998) ..................................................................................................4

**Rules and Statutes**

35 U.S.C. § 287 ............................................................................................................................1, 8

**TABLE OF EXHIBITS**

Exhibits referenced herein are those appended to the Declaration of Marwan Elrakabawy, filed contemporaneously herewith. Citations are to last three digits of bates numbers. Unless otherwise indicated, all emphasis in quotations is added.

| NO. | EXHIBIT [full document or excerpt is included as appropriate] |
|---|---|
| 1 | Rebuttal Expert Report of Douglas C. Schmidt Concerning Validity of U.S. Patent Nos. 5,796,967 and 7,072,849 – Responding to the Opening Report of Mr. Eastburn ("Schmidt Filepp Reb. Rep.") |
| 2 | IBM-PCLN00080320, Network Working Group, RFC: 2616, June 1999 |
| 3 | Deposition of Arun Iyengar ("Iyengar Dep.") |
| 4 | IBM-PCLN10382914, Email from █@us.ibm.com to daniel cerutti, dated 4/10/2008, and produced by IBM in this case. |
| 5 | IBM-PCLN00014541, titled "█████████ █████" produced by IBM in this case |
| 6 | IBM-PCLN10382914, Email from █@us.ibm.com to daniel cerutti, dated 4/10/2008, and produced by IBM in this case. |
| 7 | Deposition of Robert Filepp ("Filepp Dep.") |
| 8 | Resume of Robert Filepp ("Filepp Resume") (Exhibit 6 to Filepp Depo) |
| 9 | Complaint from *International Business Machines Corp. v. Amazon.com, Inc.*, CA No. 9:06-cv-242 (E.D.Tex.) |
| 10 | IBM-PCLN10448470, email from █@us.ibm.com to █@us.ibm.com, dated 8/2/2006, and produced by IBM in this case. |
| 11 | Appendix A1 to Infringement Contentions served in *International Business Machines Corp. v. Amazon.com, Inc.*, CA No. 9:06-cv-242 (E.D.Tex. May 10, 2007) and produced by IBM in this case. |
| 12 | Agreed Order of Dismissal from *International Business Machines Corp. v. Amazon.com, Inc.*, CA No. 9:06-cv-242 (E.D.Tex. May 10, 2007) |
| 13 | IBM-PCLN10448462, Email from █@us.ibm.com to █@us.ibm.com, dated 6/14/2008, and produced by IBM in this case. |
| 14 | PRICELINE00202884, IBM's infringement analysis of the 849 Patent analyzing www.priceline.com. |
| 15A | IBM-PCLN10449988, Email from █@us.ibm.com to █@us.ibm.com, |

| NO. | EXHIBIT [full document or excerpt is included as appropriate] |
|---|---|
|  | dated 2/8/2008 and produced by IBM in this case. |
| 15B | IBM-PCLN10449989, titled ▮▮▮▮, produced by IBM in this case. |
| 16 | IBM-PCLN10398553, email from KAYAK to ▮@us.ibm.com, dated 5/19/2011. |
| 17 | IBM-PCLN00003944, a letter from Marc A. Ehrlic to John Orta, dated July 16, 2014, produced by IBM in this case. |
| 18 | IBM-PCLN00003943, a letter from William R. LaFontaine to Mr. Darren Huston, dated September 15, 2014, produced by IBM in this case. |
| 19 | IBM-PCLN10448464, Email from ▮@us.ibm.com to ▮@us.ibm.com, dated 6/19/2006, and produced by IBM in this case. |
| 20 | IBM-PCLN10448522, Email from ▮@us.ibm.com to ▮@us.ibm.com, dated 6/14/2006, produced by IBM in this case. |
| 21A | IBM-PCLN1050146, Email from ▮@us.ibm.com to ▮@us.ibm.com, dated 3/25/2008, and produced by IBM in this case. |
| 21B | IBM-PCLN10450147, titled ▮▮▮▮ and produced by IBM in this case. |
| 22 | IBM-PCLN10448750, Email from ▮@us.ibm.com to ▮@us.ibm.com, dated 8/9/2006, and produced by IBM in this case. |
| 23 | IBM-PCLN10440363, Email from ▮@us.ibm.com to ▮@us.ibm.com, dated 3/29/2007 and produced by IBM in this case. |
| 24 | IBM-PCLN10450318 |
| 25 | Deposition of Tom McBride |
| 26 | IBM-PCLN10450709, Email from ▮@us.ibm.com to ▮@us.ibm.com, dated 8/9/2006, and produced by IBM in this case. |
| 27 | IBM Second Amended Initial Disclosures |
| 28A | Excerpts from Deposition of Kenneth Appleman |
| 28B | Excerpts from Deposition Transcript of Robert Cohen |
| 28C | Excerpts from Deposition of Allan Wolf |

| NO. | EXHIBIT [full document or excerpt is included as appropriate] |
| --- | --- |
| 28D | Excerpts from Deposition of Robert Filepp |
| 28E | Excerpts from Deposition of Mel Bellar |
| 28F | Excerpts from Deposition of Duane Tiemann |
| 29 | November 2002, Office Action Regarding Application No. 08/933,500. |
| 30 | IBM 10/21/2016 Response to Priceline.com's Individual Interrogatory No. 5. |
| 31 | IBM-PCLN10408991, Email ▮@us.ibm.com to ▮@us.ibm.com, dated 2/4/2011, and produced by IBM in this case. |
| 32A | IBM-PCLN10450043, Email from ▮@us.ibm.com to ▮@us.ibm.com, dated 6/12/2008, produced by IBM in this case. |
| 32B | IBM-PCLN10450044, entitled "Patents relating to e-commerce, web technology, internet retailing, produced by IBM in this case. |
| 33A | IBM-PCLN10382987, Email from ▮@us.ibm.com to ▮@us.ibm.com, dated 4/10/2008, produced by IBM. |
| 33B | IBM-PCLN10382991, titled "▮▮▮," produced by IBM in this case. |
| 34 | OPENTABLE0003957, OpenTable 2010 Form 10-K |
| 35 | KAYAK00164367, KAYAK 2012 Form 10-K |
| 36 | IBM's 4th Supp. Response to KAYAK's Rog 2 |
| 37 | IBM-PCLN10100493, TRINTEX Announces First Advertisers |
| 38 | PRICELINE00203032, Email from Phyllis Wallit to John Desmarais, dated October 3, 2014, produced by Priceline in this case. |
| 39 | IBM-PCLN10406879, Email from ▮@us.ibm.com to multiple recipients, dated 9/12/2012, produced by IBM in this case. |
| 40 | Deposition Transcript of Michael Diliberto |
| 41 | IBM's Second Supplemental Responses to Defendants' Common Interrogatories Nos. 1, 2, and 3. |

I.  **NATURE AND STAGE OF THE PROCEEDINGS**

Defendants submit this brief in support of their motion for summary judgment that IBM's claims for relief are barred by the equitable doctrine of laches and its claims for damages under the '601 Patent prior to providing each Defendant actual notice are barred by 35 U.S.C. § 287.

II.  **SUMMARY OF ARGUMENT**

IBM's claims for pre-suit damages under the '967, '849, and '601 patents are barred by the doctrine of laches. IBM delayed more than six years after employees charged with enforcing IBM's IP rights had actual and/or constructive knowledge of the Defendants' websites. The delay is presumptively unreasonable and prejudicial. Similarly, IBM licensed but did not require marking of licensed product, such that 35 U.S.C. § 287 bars recovery of damages prior to when IBM provided actual notice of alleged infringement.

III.  **SUMMARY OF MATERIAL FACTS**

IBM filed suit on February 9, 2015, asserting infringement of the '967 and '849 Patents ("Filepp Patents") and the '601 Patent. The '967 issued August 18, 1998, the '849 issued July 4, 2006, and the '601 patent issued October 5, 1999. IBM purports to have provided actual notice of infringement of the '601 Patent to Priceline on October 13, 2011, actual notice of infringement of the '601 Patent to OpenTable on December 9, 2014, and actual notice of infringement of the '601 Patents to KAYAK upon filing suit. Ex. 41 at 12-13.

A.  **IBM Claims the Filepp and '601 Patents Were Practiced Widely in 2000**

IBM claims the '967 Filepp patent was incorporated in web browser protocols in the late 1990s. Specifically, IBM's expert asserts that ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉." Ex. 1 at ¶ 461 (citing Ex. 2)). The inventor, IBM's corporate representative, testified ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▇▇▇▇.” Ex. 3 at 126:11-127:2. Internal IBM documents confirm IBM's knowledge that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇" patent. Ex. 4. And, internal IBM documents confirm that IBM ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Ex. 6 at 915 ("▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇").

## B. IBM Enforced and Monetized the Filepp and '601 Patents as Early as 2000

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. IBM began ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Ex. 5 at 570. By April 2008, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇." *Id.*, Ex. 6. But IBM was "▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *Id*. Documentary evidence confirms ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *See, e.g.,* Ex. 5 at 568; Ex. 15A, 15B, at 991-995; Ex. 21A, 21B; Ex. 24; Ex. 32A, 32B; Ex. 33A, 33B.

As to the Filepp Patents, the '967 Patent was also ▇▇▇▇▇▇▇▇▇▇▇▇ (Ex. 5, at 568) and by 2002, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (Ex. 7 at 25:23-27:2). Mr. Filepp characterizes himself as a "key contributor" to patent licensing efforts and claimed he "[d]eveloped proofs of infringement of IBM's Filepp patents . . . used as templates for many of IBM's Internet-related enforcement actions and deal negotiations." Ex. 8 at 2. In 2006, the '849 Filepp Patent emerged from prosecution and ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *See* Ex. 10, 22. Indeed, IBM sued Amazon.com for infringement of the Filepp Patents, ▇▇▇▇▇▇▇▇▇▇▇▇

*See* Ex. 11 at 2. ██████████████████████████████████████████████████████████.

*See e.g.*, Ex. 33A, 33B.

### C. IBM Specifically Investigated Priceline's Technology Beginning in 2006

Nine years before ultimately filing this suit, ██████████████████████████ ████████████████████████████████. *See* Ex. 19, Ex. 20 ("████████████████ ██████████████████████████████"). Later, in June 2006, IBM met with Priceline executives ████████████████████████████████████. *See* Ex. 13, at 465. No deal was consummated. Beginning in March 2007, ██████████████████████████ ██████████. Ex. 23. But IBM did not inform Priceline of its contention that Priceline infringed the Filepp or '601 Patents. The allegations finally made in October 2011 confirm that ████████████████████████████████████████████████████████████ ██████████████████. *See* Ex. 14 at 2889 ("██████████████████████████"). After the October 2011 allegations, ████████████████████████████████████ ██████ (Ex. 40, 56:23-58:23, 81:15-24) and subsequently ██████████████████ ██████. *See id*, Ex. 38 at 032. ████████████████████████████████████ ██████████████." Ex. 39, at 882.[1] IBM did not resurface until July 2014, when ██████ ██████████████████████████████ (*id*. at Ex. 17). ████████████████████ ██████████████████, again asserting the Filepp and '601 Patents (*id*. at Ex. 18). IBM finally filed its Complaint on February 9, 2015 without sending KAYAK a demand.

---

[1] Around the same time, ████████████████████████████████████████████████.
*See, e.g., id*. at Ex. 31; Ex. 16.

### IV. IBM'S CLAIMS ARE BARRED BY LACHES

#### A. Legal Standard for Laches

The defense of laches requires: (1) the plaintiff delayed in filing suit for an "unreasonable and inexcusable" length of time after the plaintiff "knew or reasonably should have known of its claim against the defendant"; and (2) the defendant suffered material prejudice or injury as a result of the plaintiff's delay. *A.C. Aukerman Co. v. R.L. Chaides Const. Co.*, 960 F.2d 1020, 1028 (Fed. Cir. 1992) (*en banc*). A presumption of laches arises where a patentee delays bringing suit for more than six years after the date the patentee knew or should have known of the alleged infringer's activity. *SCA Hygiene Prod. Aktiebolag v. First Quality Baby Prod., LLC*, 807 F.3d 1311, 1317 (Fed. Cir. 2015), *cert. granted*, 136 S. Ct. 1824 (2016). Both actual or constructive knowledge of potential infringing activities may trigger laches. *St. Clair Intellectual Prop. Consultants, Inc. v. Acer, Inc.*, 961 F. Supp. 2d 610, 614 (D. Del. 2013) (Stark J.) (granting summary judgment on laches). Once the presumption is met, the burden shifts to the patentee to present evidence to create a genuine dispute with respect to the reasonableness of the delay. *A.C. Aukerman* at 1028. A finding of laches bars pre-suit damages. *See id*. at 1041.

The period of delay "begins at the time the patentee has actual or construction knowledge of the defendant's potentially infringing activities." *Wanlass v. Gen. Elec. Co.*, 148 F.3d 1334, 1337 (Fed. Cir. 1998). Ignorance is no defense to "constructive knowledge of infringement in appropriate circumstances." *Id*. at 1338. Constructive knowledge imputed to the patentee includes "pervasive, open, and notorious activities" such as "sales, marketing, publication, or public use of a product similar to or embodying technology similar to the patented invention" giving rise to a patentee's "duty to investigate whether there is infringement." *Id*.

**B.     Unreasonable Delay and Prejudice Is Presumed for All Defendants**

**1.     IBM's Delay in Filing Suit Was Unreasonable and Inexcusable Because IBM Should Have Known of Its Claim by at Least June 2008**

IBM knew or should have known of Defendants and the accused products from the early to mid-2000s. By June 2008, Defendants operated highly successful, publically available websites that were extensively marketed. *See, e.g., id.* at Ex. 34, at 8-9, 15 (reporting on marketing and growth; $55.8 million in revenue for OpenTable in 2008); Ex. 35 at 5, 24 (reporting on marketing, $112 million in revenues for KAYAK in 2008). The sites were accessible by web browsers that, according to IBM's expert and 2006 claims against Amazon, ██████████████████████████████████████████████████████. Ex. 1 at ¶ 461 (citing Ex. 2). During the time of these "pervasive, open, and notorious activities," IBM was engaged in ████████████████████████████████████. IBM had, among other things in:

- ████████████████████████████████████████████████████████████████" Ex. 7, 25:23-27:9; *see also* Ex. 21.
- ████████████████████████████████████████████.
- ████████████████████████████████████████████ *See* Ex. 19.
- ████████████████████████████████████████████" Ex. 10.
- ████████████████████████████████████████████. *See* Ex. 11, p. 2.
- ████████████████████████████████████████████. *See* Ex. 23.
- May 2007, settled the suit with Amazon. *See* Ex. 12.
- ████████████████████████████████████████████." Ex. 15A, 15B.
- ████████████████████████████████████████████ (Ex. 6).

- 5 -

It is undisputed that IBM was actually aware of Priceline's accused instrumentalities by 2006. It should be charged with constructive knowledge of KAYAK and OpenTable by at least May 2008 based on KAYAK and OpenTable's "pervasive, open, and notorious activities." *See* Ex. 34, 35. IBM testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Ex. 25, 63:7-22. As a result, IBM knew or should have known of its potential claims during the flurry of licensing and enforcement activities (including directed at Priceline), yet IBM waited nearly 7 years to file suit. Accordingly, there is a presumption of laches.

### 2. There Is No Factual Dispute That IBM's Delay Was Unreasonable

IBM's delay is presumptively unreasonable and inexcusable. *See Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*, 679 F. Supp. 2d 512, 521 (D. Del. 2010). IBM's failure to bring suit stemmed not from ignorance, but from want of motivation. The motivation materialized ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Specifically, the same IBM team which met with Priceline in 2006, expressed in 2010 "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮." *Id.* at Ex. 26. IBM then revived its interest and re-targeted Priceline because it ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Ex. 25 at 67:9-18.

It is undisputed that IBM approached Priceline in 2006 and had monitored the Priceline website since at least 2007, yet IBM did not alert any of the Defendants regarding an express allegation until it approached Priceline in 2011. IBM was not engaged in other litigation regarding the relevant patents at this time as it had concluded the Amazon litigation in May

2007. Ex. 12. IBM's strategic decision to pursue other licensing opportunities while ignoring Defendants (including Priceline after specifically investigating) does not excuse its delay.

### 3. There Is No Factual Dispute That IBM's Unreasonable Delay Prejudiced Defendants

IBM's delay is presumptively prejudicial. *Crown Packaging Tech.*, 679 F.Supp.2d at 520-21. IBM incurably prejudiced Defendants' ability to present a full and fair defense. The prosecuting attorney for the '967, central to Defendants' inequitable conduct theories, has been unreachable, ████████████████ (Elrakabawy Decl. ¶ 2), and nearly half of the named Filepp inventors are "believed to be deceased" (Ex. 27, at 2-3). ████████████████████████████████████. *See* Exs. 28A-28F. Evidence has been lost or destroyed. By way of example, of the ████████████████ contracts that the Patent Office described as "need[ed] . . . to evaluate the facts and resolve the patentability" of the Filepp patents, (Ex. 29, at 17; Ex. 37), only two have been recovered and only by harvesting documents from IBM's attorneys in the Amazon case. *Id*. at Ex. 30.

With respect to the '601 Patent, while the inventor claims ████████████████ (Ex. 3 at 126:11-127:2), no evidence of use, particularly by IBM licensees, was produced, prejudicing Defendants' ability to explore marking failures.[2] Indeed, IBM has actively licensed these patents for over a decade, but produced little to no communications with licensees and potential licensees. Further, the inventor noted the demonstrated prototype system incorporating the '601 ████████████████████████████████████████████████████ Ex. 3, 51:11-19. While the extent of the prejudice to the Defendants on critical issues cannot be

---

[2] This evidence cannot be gleaned from the licenses themselves because ████████████████ ████████████████████ (*id.*, Ex. 36)

fully understood, the lost documents and evidence establishes by the record alone that IBM cannot rebut the presumption of prejudice.

## V.     35 U.S.C. § 287 BARS RECOVERY BEFORE PROVIDING ACTUAL NOTICE

Section 287(a) applies to "Patentees, and persons making, offering for sale, or selling within the United States any patented article for or under them or importing any patented article into the United States." "When a patented article has been produced by a patentee or its licensee, the amount of damages the patentee can recover in an infringement suit is statutorily limited to those acts of infringement that occurred after the patentee gave the alleged infringer notice of infringement." *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1345 (Fed. Cir. 2001). "The duty of alleging, and the burden of proving, either actual notice or constructive notice is upon the patentee." *Maxwell v. J. Baker, Inc.,* 86 F.3d 1098, 1111 (Fed. Cir. 1996) (brackets omitted). When, as is the case of the '601 Patent, both apparatus and method claims are asserted and "there is a tangible item to mark by which notice of the asserted method claims can be given, a party is obliged to do so if it intends to avail itself of the constructive notice provisions of section 287(a)." *Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1538-39 (Fed. Cir. 1993).

[REDACTED]. Ex. 36 at 2-4. Because IBM does not contend that any of its licensees mark licensed product, its damages cannot accrue prior to the dates of alleged notice of infringement, namely prior to October 13, 2011 for Priceline, December 9, 2014 for OpenTable, and the filing of suit for KAYAK.

## VI.     CONCLUSION

The Court should grant Defendants' motion for summary judgment that IBM's claims for relief are barred by the equitable doctrine of laches and claims for damages under the '601 Patent prior to providing each Defendant actual notice are barred by 35 U.S.C. § 287.

| | |
|---|---|
| Dated: February 13, 2017 | */s/ Francis DiGiovanni* |
| | Francis DiGiovanni (#3189) |
| | Thatcher A. Rahmeier (#5222) |
| | DRINKER BIDDLE & REATH LLP |
| | 222 Delaware Avenue, Suite 1410 |
| | Wilmington, DE 19801 |
| | Tel: (302) 467-4200 |
| | Fax: (302) 467-4201 |
| | francis.digiovanni@dbr.com |
| | thatcher.rahmeier@dbr.com |

Dan D. Davison
NORTON ROSE FULBRIGHT US LLP
2200 Ross Ave., Suite 3600
Dallas, TX 75201
Tel: 214.855.8000
Fax: 214.855.8200
dan.davison@nortonrosefulbright.com

Richard S. Zembek
NORTON ROSE FULBRIGHT US LLP
Fulbright Tower
1301 McKinney, Suite 5100
Houston, TX 77010
Tel: 713.651.5283
Fax: 713.651.5246
richard.zembek@nortonrosefulbright.com

Gilbert A. Greene
Marwan Elrakabawy
NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Boulevard, Suite 1100
Austin, TX 78701
Tel: 512.474.5201
Fax: 512.536.4598
bert.greene@nortonrosefulbright.com
marwan.elrakabawy@nortonrosefulbright.com

*Attorneys for Defendants, The Priceline Group Inc., Priceline.com LLC, KAYAK Software Corporation, and OpenTable, Inc.*

## CERTIFICATE OF SERVICE

I certify that on February 13, 2017, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF prior to 6:00 p.m. ET, which will send notification of such filing to all registered participants. In addition, the foregoing will be served upon counsel of record via electronic mail.

Dated: February 13, 2017

*/s/ Francis DiGiovanni*
Francis DiGiovanni (#3189)