IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>THE PRICELINE GROUP INC., KAYAK SOFTWARE CORPORATION, OPENTABLE, INC., AND PRICELINE.COM LLC,<br><br>Defendants. | C.A. No. 15-137-LPS<br><br>JURY TRIAL DEMANDED |

## DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT 7,631,346

Francis DiGiovanni (#3189)
Thatcher A. Rahmeier (#5222)
DRINKER BIDDLE & REATH LLP
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
(302) 467-4200
francis.digiovanni@dbr.com
thatcher.rahmeier@dbr.com

Dan D. Davison
NORTON ROSE FULBRIGHT US LLP
2200 Ross Ave., Suite 3600
Dallas, TX 75201
(214) 855-8000
dan.davison@nortonrosefulbright.com

Dated: February 13, 2017

Richard S. Zembek
Daniel S. Leventhal
Daniel A. Prati
NORTON ROSE FULBRIGHT US LLP
Fulbright Tower
1301 McKinney, Suite 5100
Houston, TX 77010
(713) 651-5151
richard.zembek@nortonrosefulbright.com
daniel.leventhal@nortonrosefulbright.com
dan.prati@nortonrosefulbright.com

Gilbert A. Greene
Marwan Elrakabawy
NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Boulevard, Suite 1100
Austin, TX 78701
(512) 474-5201
bert.greene@nortonrosefulbright.com
marwan.elrakabawy@nortonrosefulbright.com

*Attorneys for Defendants The Priceline Group Inc., Priceline.com LLC, KAYAK Software Corporation, and OpenTable, Inc.*

## TABLE OF CONTENTS

I. NATURE AND STAGE OF THE PROCEEDINGS ........................................................ 1

II. SUMMARY OF THE ARGUMENT AND STATEMENT OF FACTS .......................... 1

III. ARGUMENT ........................................................................................................................ 1

    A. There Is No Evidence That the Accused Systems Trigger a Single Sign-on Operation on a User's Behalf ................................................................................ 1

    B. Defendants Also Do Not Infringe Claims 5 or 10 for the Additional Reason That They Do Not Send a Request in Response to a Determination That They Do Not Have Sufficient Information to Create an Account ................................ 3

    C. ██████████████████████████████████████████ ........ 4

IV. CONCLUSION .................................................................................................................... 6

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
   797 F.3d 1020 (Fed. Cir. 2015) (en banc) ................................................................. 3

*Quanta Computer, Inc. v. LG Elecs., Inc.*,
   553 U.S. 617 (2008) ................................................................................................... 5

**Other Authorities**

U.S. Patent No. 7,631,346 ............................................................................................. *passim*

# TABLE OF EXHIBITS

All emphasis in quotations is added unless otherwise indicated.

All Exhibits referenced herein are appended to the Declaration of Daniel Prati.

| NO. | EXHIBIT [full document or excerpt is included as appropriate] |
|---|---|
| 1 | February 13, 2009, Office Action Response in '346 Patent File History |
| 2 | 1/17/2017 Expert Report of James Olivier Ph.D. Regarding Non-infringement (Excerpts) |
| 3A | 12/6/2016 Opening Infringement Report of Douglas Schmidt, Exhibit VIII A (Excerpts) |
| 3B | 12/6/2016 Opening Infringement Report of Douglas Schmidt, Exhibit VIII B (Excerpts) |
| 3C | 12/6/2016 Opening Infringement Report of Douglas Schmidt, Exhibit VIII C (Excerpts) |
| 4 | Deposition Transcript of Douglas Schmidt (Excerpts) |
| 5 | 10/25/2016 IBM's Second Supplemental Responses to Defendants' Common Interrogatories Nos. 1, 2, and 3 |
| 6 | Deposition Transcript of Amit Poddar (Excerpts) |
| 7 | Deposition Transcript of Matthias Keller (Excerpts) |
| 8 | Deposition Transcript of Olivier Larivain (Excerpts) |
| 9 | ███████████████ |
| 10 | ███████████████ |
| 11 | Deposition Transcript of Heather Hinton (Excerpts) |
| 12 | Deposition Transcript of Michele Baumgartner-Bonanno (Excerpts) |
| 13 | Overview - Facebook Login |
| 14 | Getting Profile Information - Google SignIn for Android |

| NO. | EXHIBIT [full document or excerpt is included as appropriate] |
|---|---|
| 15 | U.S. Patent No. 7,631,346 |

**I.      NATURE AND STAGE OF THE PROCEEDINGS**

IBM alleges that Defendants' websites, mobile websites, and mobile applications infringe claim 1 and dependent claims 5 and 10 the '346 Patent (Ex. 15) through use of Google or Facebook sign in functionality. Defendants submit this brief in support of their motion for summary judgment of noninfringement of the '346 Patent.

**II.     SUMMARY OF THE ARGUMENT AND STATEMENT OF FACTS**

1. Claim 1 of the '346 Patent requires "triggering a single sign-on operation on behalf of the user." There is no evidence that the Defendants performing that step.

2. Claim 5 requires the sending of a request message "in response to a determination at the second system …." There is no evidence that Defendants perform that step.

3. ███████████████████████████████████████

████████████████[1] and Defendants implement the Google/Facebook products using software and documentation provided by Google and Facebook—████████████████

████████████████████████████████████████████████████████████████

████████████████████, and summary judgment of no infringement is appropriate.

**III.    ARGUMENT**

    **A.    There Is No Evidence That the Accused Systems Trigger a Single Sign-on Operation on a User's Behalf**

Claim 1 of the '346 Patent requires "triggering a single sign-on operation on behalf of the user."[2] The Court adopted the Parties' agreed construction for "single sign-on operation" of "an authentication process whereby the user is subsequently not required to perform another authentication operation during a particular user session." D.I. 235 at 7. The specification defines

---

[1] *See* Ex. 9 ████████████████████; and Ex. 10 ████████████████████.
[2] Dependent claims 5 and 10 also necessarily require "triggering a single sign-on operation on behalf of the user."

1

authentication as "the process of validating a set of credentials that are provided by a user or on behalf of a user." '346 Patent at 9:50-51. Consistent with this definition and the requirement that the single sign-on operation is triggered on the user's behalf, during the prosecution of the '346 Patent, IBM explained that in "a federated environment, *the client computer does not participate in the authentication/single-sign-on other than passively transmitting protocol information that is then received by a back-end server* (typically a proxy server)." Ex. 1 at 6.

Independent of triggering an authentication process on the user's behalf, the '346 Patent separately discloses, and claims, prompting a user to select an "identify provider." '346 Patent, Claim 13; Figure 11A and 11B (illustrating identify provider (1108) selection before single sign-on request provided on user's behalf (1110-14)). Logically, and consistent with the prosecution history, a single sign-on operation cannot be "triggered" on a user's behalf *before* the user actively selects an identify provider. For each accused system, however, IBM argues that triggering is met by a process that begins with presenting a screen to the user that provides options to log-in with existing credentials, create credentials, or select Google or Facebook. *See* Ex. 2, Olivier Report at ¶ 42; Ex. 3A, Schmidt Report at VIII.A ¶ 43-49 (Priceline); *see also* Ex. 2 at ¶ 92; Ex. 3B at VIII.B ¶ 42-43 (KAYAK); Ex. 2 ¶ 144; Ex. 3C at VIII.C ¶ 39 (OpenTable); Ex. 4, Schmidt Tr., at 41:5-24 ("Q: Is it your opinion that OpenTable showing the pop-up box [] is triggering a single sign-on operation on behalf of a user? A: [] So this is part of the process of doing this. It's one of the pieces of this initiation of a single sign-on triggering."); *id* at 49:6-14.

There is no dispute that if a user elects to sign in with Google or Facebook, the user and Google/Facebook are active participants during the sign in process. Ex. 2 at ¶ 54; Ex. 4 at 55:2-56:23. The user must select Google/Facebook, sign into Google/Facebook, and grant Google/Facebook permission to share information with Priceline/KAYAK/OpenTable before any single sign on operation can commence. Ex. 2 at ¶¶46-53; *see* Ex. 4 at 55:2-57:13. However,

at his deposition, Dr. Schmidt refused to admit that those actions are part of the "triggering a single sign-on operation" step. Ex. 4 at 55:2-56:23. Presumably this is because "[d]irect infringement under § 271(a) occurs where all steps of a claimed method are performed by or attributable to a single entity." *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015) (en banc); *see also* Ex. 5 (IBM's Interrogatory response alleging joint infringement only for the '967 and '849 Patents). IBM does not allege, and there is no evidence to support, that users' or Google/Facebook's actions are attributable to Defendants or their accused systems. As such, IBM attempts to rely on actions performed by the user and Google/Facebook that actually initiate an authentication process, while refusing to admit that those same actions are part of the triggering process.

Thus, the step in the "triggering process" that IBM accuses *the Defendants* of performing is the step shown above of prompting the user to select Facebook, Google, log-in with existing credentials, or create credentials. There is no evidence that simply presenting the user with various sign-in options meets the limitation of "triggering a single sign-on operation on behalf of the user" because unless and until a user selects one of those options and enters the requested information, no single-sign on operation has been initiated (i.e., triggered). Indeed, a user can sign on with existing credentials or create new credentials through this page. Ex. 2 at ¶ 43. And there is no evidence that the actions of Google/Facebook/Users in the triggering "process" are attributable to Defendants. *See* Ex. 4 at 62:3-63:22; *see also* Ex. 3A at VIII.A ¶¶ 43-50, Ex. 3B at VIII.B ¶¶ 39-46, Ex. 3C at VIII.C ¶ 39.

      **B.    Defendants Also Do Not Infringe Claims 5 or 10 for the Additional Reason That They Do Not Send a Request in Response to a Determination That They Do Not Have Sufficient Information to Create an Account**

Claim 5 of the '346 Patent adds an additional requirement that occurs after the triggering of a single sign-on operation, namely "in response to a determination at the second system that

3

the second system does not have sufficient user attribute information to complete creation of a user account for the user at the second system, sending a request message from the second system to the first system to retrieve user attribute information."[3] *See, e.g.,* '346 Patent at Fig. 10 at 101, Fig 11B step 1152. There is no evidence that the accused systems make such a determination, let alone send a request in response to such a determination.

Specifically, IBM argues ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Ex. 3 at VIII.A ¶ 93-94, 201, 324-325; Ex. 3B at VIII.B ¶ 88, 197, 318; Ex. 3C at VIII.C ¶ 83, 145, 289. There is no evidence that a determination is made as to whether there is insufficient information to create an account upon receipt of this token. Instead each accused system *always* makes the same requests to Google/Facebook after receiving the Auth Token. Ex. 6, Poddar Tr., at 269:20-270:4 (Priceline); *see also* Ex. 7, Keller Tr., at 72:13-20 (KAYAK); Ex. 8, Larivain Tr., at 132:20-134:6 (OpenTable); Ex. 2, Olivier Report at ¶ 75-78, 127-130, 178-181; *see also* Ex. 4, Schmidt depo, at 105:3-18. And, rather than support IBM's position, the code cited by Dr. Schmidt actually confirms that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Ex. 3, Schmidt Report at VIII.A at ¶ 93-94, 201, 324-325; VIII.B at ¶ 88, 197, 318; VIII.C at ¶ 83, 145, 289. For example, this code lacks any conditional statement (*e.g.,* "if" statement) indicating that such a determination occurs. Ex. 2, Olivier Report, at ¶¶ 75, 130, 181. Thus, summary judgment of noninfringement of Claims 5 and 10 is appropriate for this additional and independent reason.

C. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[3] Because Claim 10 depends from Claim 5, Claim 10 necessarily includes all requirements of Claim 5.

4



███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████████████. In addition, Google and Facebook encourage account creation,[6] which IBM asserts ████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

█████████████████.

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court grant summary judgment of noninfringement and exhaustion of the '346 Patent.

---

[6] Ex. 13 ("Facebook Login lets people quickly and easily create an account in your app…"); Ex. 14.

| Dated: February 13, 2017 | /s/ Francis DiGiovanni |
|---|---|
| | Francis DiGiovanni (#3189) |
| *Of Counsel:* | Thatcher A. Rahmeier (#5222) |
| | DRINKER BIDDLE & REATH LLP |
| Dan D. Davison | 222 Delaware Avenue, Suite 1410 |
| NORTON ROSE FULBRIGHT US LLP | Wilmington, DE 19801 |
| 2200 Ross Ave., Suite 3600 | (302) 467-4200 |
| Dallas, TX 75201 | francis.digiovanni@dbr.com |
| (214) 855-8000 | thatcher.rahmeier@dbr.com |
| dan.davison@nortonrosefulbright.com | |
| | |
| Richard S. Zembek | *Attorneys for Defendants The Priceline* |
| Daniel S. Leventhal | *Group Inc., Priceline.com LLC, KAYAK* |
| Daniel A. Prati | *Software Corporation, and OpenTable, Inc.* |
| NORTON ROSE FULBRIGHT US LLP | |
| Fulbright Tower | |
| 1301 McKinney, Suite 5100 | |
| Houston, TX 77010 | |
| (713) 651-5151 | |
| richard.zembek@nortonrosefulbright.com | |
| daniel.leventhal@nortonrosefulbright.com | |
| dan.prati@nortonrosefulbright.com | |

Gilbert A. Greene
Marwan Elrakabawy
NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Boulevard, Suite 1100
Austin, TX 78701
(512) 474-5201
bert.greene@nortonrosefulbright.com
marwan.elrakabawy@nortonrosefulbright.com