## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTERNATIONAL BUSINESS<br>MACHINES CORPORATION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 15-137-LPS |
| | : | |
| THE PRICELINE GROUP INC.,<br>KAYAK SOFTWARE CORPORATION,<br>OPENTABLE, INC., AND<br>PRICELINE.COM LLC, | : | |
| | : | |
| Defendants. | : | |

### MEMORANDUM ORDER

Pending before the Court is Plaintiff International Business Machines Corporation's

("IBM") motion for reconsideration of the Court's September 18, 2017 Order (D.I. 524)

("Order"), in which the Court granted summary judgment of non-infringement of the Filepp

patents[1] (D.I. 526). Having reviewed the parties' submissions,[2] and for the reasons stated below,

IT IS HEREBY ORDERED that the motion (D.I. 526) is DENIED.

1. Pursuant to Local Rule 7.1.5, a motion for reconsideration should be granted only

"sparingly." The decision to grant such a motion lies squarely within the discretion of the district

court. *See Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999);

---

[1]The Filepp patents include U.S. Patent Nos. 7,072,849 and 5,796,967.

[2]Defendants The Priceline Group Inc., Kayak Software Corporation, OpenTable, Inc., and priceline.com LLC filed an opposition brief (D.I. 535), but later withdrew their opposition (D.I. 555). Nonetheless, the Court had already reviewed the opposition brief and has considered it in making its decision on IBM's motion. IBM also filed a notice of supplemental authority. (D.I. 556)

*Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990). These types of motions are granted only if the Court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension. *See Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998); *Brambles*, 735 F. Supp. at 1241. A motion for reconsideration may be granted only if the movant can show at least one of the following: (i) there has been an intervening change in controlling law; (ii) the availability of new evidence not available when the court made its decision; or (iii) there is a need to correct a clear error of law or fact to prevent manifest injustice. *See Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). However, in no instance should reconsideration be granted if it would not result in amendment of an order. *See Schering Corp.*, 25 F. Supp. 2d at 295.

2. IBM seeks reconsideration of the portion of the Court's Order granting non-infringement of the '849 patent by Defendants' mobile applications. (D.I. 526 at 1) According to IBM, the Court made a clear error of fact in finding that Defendants do not direct or control performance of the "storing" steps of the '849 patent's claims based on what the Court understood to be an undisputed fact that users could disable caching for Defendants' mobile applications. (*Id.*) IBM contends that while users are capable of disabling caching on Defendants' mobile and desktop *websites*, a user is not capable of disabling caching on Defendants' mobile *applications*. (*Id.* at 2-3) Furthermore, because the mobile operating system's default setting is to obey cache control parameters (*see* D.I. 400-1, Ex 2. at 105-06), IBM contends that summary judgment of non-infringement with respect to the '849 patent was improper.

3.     The Court disagrees. As stated in the Memorandum Opinion accompanying the

Order, the "storing" steps of the '849 patent are claimed method steps that, to be infringed, must

either be (i) actually performed by, or (ii) directed and controlled by Defendants. (D.I. 523 at 20)

With respect to Defendants' mobile applications, the parties agree that any caching that is

performed is performed by the mobile operating system, not by Defendants' applications.

Accordingly, to find infringement, IBM must prove that Defendants direct or control the mobile

operating system's caching. IBM has failed to adduce such evidence from which a reasonable

factfinder could so find.

4.     While the Court agrees with IBM that it is unclear from the record whether

caching in Defendants' mobile applications – as opposed to caching in Defendants' websites or

mobile browsers – can be disabled by the user, agreeing with IBM on this point does not compel

the Court to grant IBM's motion. Regardless of whether caching can be disabled, the record,

taken in the light most favorable to IBM, demonstrates that (1) caching need not be enabled in

order for a user to use Defendants' mobile applications, (2) Defendants do not require or ensure

that caching is enabled for users of the mobile applications, (3) Defendants do not penalize users

for using the mobile application without caching, and (4) when enabled, caching is performed by

the mobile operating system, a system not controlled by Defendants.[3] (*See* D.I. 505 at 81 ("On

the mobile applications front, the operating system, Android, IOS, that is what performs

caching."); *id.* at 98-99 (Defendants' websites may be used when caching is disabled); D.I. 400-

---

[3]Defendants' cache control parameters instruct the operating system as to which object(s) to
cache and for how long; the actual caching is performed by the mobile operating systems. *Cf.*
*SiRF Tech., Inc. v. Int'l Trade Comm'n*, 601 F.3d 1319, 1331 (Fed. Cir. 2010) (affirming finding
of direct infringement where method steps were either executed by product defendant controlled
or automatically performed by accused products).

3

1, Ex. 2 at 147 ("It's the underlying Google and Apple code that decides what to cache and

when.")); *see also Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1221-22 (Fed. Cir. 2014)

(finding no direct infringement where method steps not automatically performed by defendant-

controlled equipment).  On this record, no reasonable factfinder could find that Defendants direct

and control users of their mobile applications to perform the "storing" steps of the claimed

methods.  Therefore, there is no basis for amending the Court's order granting summary

judgment to Defendants.

     5.    In sum, IBM has failed to show that reconsideration is warranted.

February 1, 2018
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE

4